**COX, et, Plaintiffs-Appellants, v. BOULGER, Admr. et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3755.   Decided June 30, 1945.

Worthington E. Babcock, Columbus, for plaintiffs-appellants, Louise Deshler Cox and Helen Deshler Brown, Executrices of the last will and testament of Mary Elizabeth Deshler, deceased.

W. Clover Porter, Lawrence D. Stanley, Columbus, for defendants-appellees, Marie Gwynne Crotti, Andre Crotti, Louise Gwynne Burr and Marie Brown Caren.

R. E. Weaver, Columbus, for defendants-appellees, Karl E. Burr and John M. Caren as Trustees under the will of Edmiston Gwynne, deceased.

James I. Boulger, Columbus, as Administrator of the estate of Emma Jones, deceased, defendant-appellee.

James F. Henderson, Columbus, for defendant-appellee, Baldwin J. Gwynne.

Vorys, Sater, Seymour & Pease, Columbus, Amicus Curiae.

SHERICK, J., of the Fifth Appellate District sitting by designation.

## OPINION

By GEIGER, J.

This is an appeal on questions of law and on questions of law and fact from a judgment ·and decree of the Court of Common Pleas of Franklin County, entered June 15, 1944, in favor of the defendant-appellee, James I. Boulger, as Administrator of the estate of Emma Jones, deceased, and against the plaintiffs-appellants.

The persons involved in this case are many, and the history of the transactions is rather long and complicated, but as briefly stated as possible, the facts alleged in the petition are as follows:

The plaintiffs, Louise Deshler Cox and Helen Deshler Brown, are the duly appointed, qualified and acting executrices of the last will and testament of Mary Elizabeth Deshler, who died May 6, 1936. The above-named executrices were appointed May 11, 1936, and they bring this action as such executrices.

The defendant, James I. Boulger, is the duly appointed, qualified and acting administrator of the estate of Emma Jones, deceased, appointed February 5, 1940, Emma Jones having died on October 9, 1939, intestate. She is alleged to have been seized in fee simple of certain real estate described in the petition as Inlot No. 552, located at the northeast corner of State and Third Streets in the City of Columbus, Ohio. The said Emma Jones left no personal property of any value.

The defendants, Marie Gwynne Crotti, Louise Deshler Cox, and Helen Deshler Brown are each seized in fee simple of an undivided ¼ of the above-described real estate, and Louise

Gwynne Burr, Baldwin J. Gwynne and Marie Brown Caren are each seized in fee simple of an undivided 1/12 of the above described real estate, as the only heirs at law and next of kin of the said Emma Jones, deceased; the claims of the above-named persons being subject to expenses of last illness, funeral expenses, taxes, costs of administration and claims of plaintiffs.

It is alleged that from time to time Mary Elizabeth Deshler, deceased, the mother of the plaintiffs, Louise Deshler Cox and Helen Deshler Brown, at the request of her sister, Emma Jones, paid the taxes levied against the real estate above described, pursuant to a written agreement, and that these payments constitute a lien against the said real estate.

By the terms of the said instrument of agreement the said Emma Jones recited that in consideration of the sum of $1285.49 paid to her, and such further sums that might thereafter be paid, for the purpose of taxes on the said real estate, by the defendant, Marie Gwynne Crotti, and Mary Elizabeth Deshler, now deceased, Emma Jones agreed to grant to the said Mary Elizabeth Deshler and Marie Gwynne Crotti, their heirs and assigns, a lien on said real estate, for the sum of $1285.49 and all other sums which might thereafter be paid by them for the purposes of taxes on said real estate. The agreement was dated February 19, 1915.

The amounts of money alleged to have been advanced and the dates of said advancement in accordance with the terms of the said agreement are given in detail and amount to $51,921.77, covering a period from May 19, 1913, to and including August 5, 1932.

The amount of money so advanced to the said Emma Jones by the said Mary Elizabeth Deshler for the payment of taxes was acknowledged, in writing, by said Emma Jones, on May 10, 1932, to be $50,000.78. Thereafter, on August 5, 1932, said Mary Elizabeth Deshler advanced the further sum of $1,920.99, at the request of said Emma Jones, making the total amount advanced by Mary Elizabeth Deshler to Emma Jones for payment of taxes up to August 5, 1932, $51,921.77. This amount plaintiffs allege is due the estate of Mary E. Deshler from the estate of Emma Jones, with interest at 6%, and that the said alleged indebtedness is a lien on the real estate described.

Plaintiffs say that they presented their claims to James I. Boulger, Administrator, who has taken no action thereon.

The prayer is for judgment against James I. Boulger, Administrator, in the sum of $51,921.77, with interest at 6%.

For answer the defendants, Baldwin J. Gwynne and Charlotte U. Gwynne admit that plaintiffs are the duly appointed

312

executrices under the will of Mary Elizabeth Deshler, deceased; that James I. Boulger is the duly appointed, qualified and acting administrator of the estate of Emma Jones, Deceased, and that Emma Jones died intestate on October 9, 1939; that the defendants, Marie Gwynne Crotti, Louise Gwynne Burr, Baldwin J. Gwynne, Marie Brown Caren, Louise Deshler Cox and Helen Deshler Brown are the only heirs at law and next of kin of the said Emma Jones, deceased; that Marie Gwynne Crotti, Louise Deshler Cox, and Helen Deshler Brown are each seized in fee simple of an undivided ¼ of the real estate described in said petition; that the said Louise Gwynne Burr, Baldwin J. Gwynne and Marie Brown Caren are each seized in fee simple of an undivided 1/12 of the above described real estate and that Andre Crotti, Charlotte U. Gwynne, Charles Edward Brown and John M. Caren each have inchoate dower interest in the said real estate.

It is alleged that Karl E. Burr and John M. Caren have been made parties as trustees of Edmiston Gwynne, appointed on March 21, 1905 and December 9, 1937, respectively, and that they have a legal estate in and are entitled to the immediate possession of the two undivided 1/12ths of said real estate described, by reason of the fact that Ichabod G. Jones, the grandfather of Edmiston Gwynne, died on March 9, 1857, seized in fee simple of the real estate described in the petition; that Louise Jones Gwynne was the mother of Edmiston Gwynne, and that the said Edmiston Gwynne was survived by his widow, Maria C. Gwynne, now deceased, his daughter, Louise G. Burr, his son, Baldwin J. Gwynne, his daughter, Marie Andrews, now deceased, and whose only issue was and is Marie Brown Caren; that by Item III of his will the said Edmiston Gwynne devised all of his real estate to the trustees named in said will and their heirs and successors (of which trustees these answering defendants are the successors appointed as aforesaid), in trust for their benefit, the income thereof to be paid to his said wife and their children and the issue of any deceased child, until the death of Louise Gwynne Burr, surviving daughter of the said Edmiston Gwynne.

Karl E. Burr and John Caren as trustees under the will of Edmiston Gwynne file an answer setting up in detail a description of the property involved. They state that they are the testamentary trustees of the estate of Edmiston Gwynne; deceased; that Ichabod G. Jones was the grandfather of the said Edmiston Gwynne; that Louise Jones Gwynne was his mother; that Edmiston Gwynne died in 1887 leaving surviving him his widow, Marie Gwynne, now deceased, a daughter, Louise Gwynne Burr, and a son, Baldwin J. Gwynne.

It is alleged that the daughter, Marie Andrews Gwynne, now deceased, had as sole issue the defendant, Marie Brown Caren.

It is alleged that by the third item of the last will and testament of Edmiston Gwynne he devised his real estate in the manner therein detailed, and that by reason of such bequest two 1/12 interests in the real estate described in the petition and other pleadings are vested in the defendants as trustees and not in said defendants, Louise Gwynne Burr and Mary Brown Caren, who are entitled only to the income thereof as beneficiaries of said trust; that the provisions of the will of Edmiston Gwynne do not apply to the 1/12th interests of Baldwin Gwynne. These answering defendants pray that as trustees they be declared to be the owners in fee simple of two 1/12 interests of the real estate (first parcel), in trust and that their title thereto be quieted accordingly. These trustees file a cross-petition as to the third parcel alleging that in addition to owning in fee simple at the time of his death, the said Ichabod Jones died seized in fee simple of said entire inlot, all of which was devised by his will, which the trustees describe as three successively adjoining parcels. They set out a description of the first parcel, the second parcel and the third parcel, all included within the bounds of the real estate originally owned by and devised by Ichabod Jones. The trustees assert that they are concerned only with the third parcel and are entitled to the immediate possession of the two undivided 1/12 interests thereof by reason of the facts therein asserted under paragraphs 11, 12, 13 and 14 of their answer and cross-petition. They assert under paragraph 15 certain facts on account of which Marie Gwynne Crotti claims to be the owner of ¼ of the third parcel in fee simple, and each of the defendants, Louise Gwynne Burr, Baldwin J. Gwynne and Marie Brown Caren, claim to be the owners of an undivided 1/12 in fee simple.

Certain allegations are made in succeeding paragraphs of the cross-petition touching the alleged ownership of the various parties mentioned in the several pleadings of certain portions of the real estate originally devised.

The defendants aver that the title to the 1/12 interest in said third parcel claimed by the defendant, Louise Gwynne Burr, and the 1/12 thereof claimed by the defendant, Marie Brown Caren, is not in them or either of them but in the answering defendants. The trustees pray that by reason of the terms of the said wills they be declared to be owners in fee simple and entitled to the immediate possession of the

two 1/12 interests in the third parcel of the real estate in trust, and that their title thereto be quieted.

The defendants, Marie Gwynne Crotti, Andre Crotti, Louise Gwynne Burr and Marie Brown Gwynne, answering assert that Emma Jones died in 1939 intestate, but they deny that she was then or at any time thereafter seized in fee simple of the real estate described in the petition, or of any other estate which survived or could have survived her; that she left no personal property; that the answering defendants are the only heirs at law and next of kin of the said Emma Jones, deceased, owning said real estate in the proportions therein set out, but deny that their interest in or title to said real estate is subject to the claims of the plaintiff as set forth in the petition or to any other claims. It is asserted that Emma Jones during her lifetime signed a paper writing attached to the petition, but deny the authority or competency of said Emma Jones to execute the instrument or to pledge the real estate or encumber the same with any liens, or to bind the same for the payment of any debts. These answering defendants allege that apart from the other issues raised by the admissions and denials of the pleadings, any action to collect the payment of any debts set forth in the petition is barred by the statute of limitations.

The defendants set out in detail the family relations of the several parties and their relationship to Ichabod Jones.

### THE WILLS.

The cross-petitioners exhibit the will of Ichabod Jones and describe in detail the property of which Ichabod Jones died seized, as an estate in fee simple, and described the use of said property by the various parties subsequent to the death of Dr. Jones and prior to the death of Emma Jones.

The cross-petition sets out in detail Items IX, X, XI, XII of the will of Dr. Jones. These are too long to be quoted here.

It is asserted that under the authority of Item X of the will the trustees, in pursuance of their power granted in said item, did on the 29th of July, 1872, execute an instrument wherein it was recited that since the death of Dr. Jones, certain of his children had married as therein stated, and that the trustees were of the opinion that it was consistent with the general welfare of the family to give to each one of the children, except Emma, who was then unmarried, the share of the property to which either might be entitled, and to retain the share of Emma, as trustees. Said trustees set off to Cynthia K. Jones, the widow of Ichabod, as her dower, the estate described in the petition, being the garden or yard

and house, reciting that "we left the real estate set off to the widow undivided".

It is asserted that by Item V of her will, Cynthia, who died in 1898, undertook to devise the first parcel to Emma, although without words importing a fee, and that thereafter Emma was permitted to occupy the property until her death on October 9, 1939.

The defendants further in paragraph 24 of their answer and cross-petition, assert that by reason of the terms of Items XI and XII of Ichabod Jones' will and Item V of the will of the widow, no one of his children received a fee simple title as to the property described in the petition, and that by the will of Ichabod Jones it appeared that it was his intention that his wife's share should go to his children by virtue of his will, not hers, and that said property so bequeathed to each child was to constitute part of the share of such child in his estate and that on the death of the child the property would go to the lawful issue of such child or children in fee simple, and if such issue failed, then to the survivor of his children with the result that in respect to the premises described in the petition the children of said Ichabod Jones were joint tenants and the occupancy thereof by the said Emma was for the benefit of said children and in no sense adverse to them; that said Emma, having no issue, her proportionate title consisted of either a life estate or an estate tail, neither of which empowered the said Emma to encumber any portion thereof beyond the period of her lifetime; and that the parties therein named are the only issue of the children of the said Ichabod Jones and are the owners in fee simple of said property in the proportions therein set out.

James I. Boulger, the duly appointed and acting administrator of Emma Jones, files a cross-petition for declaratory judgment, reciting the facts already appearing from other pleadings, and asserting that a controversy has arisen between the plaintiffs and the defendants in which said administrator is interested, the nature of which is set forth in detail in said cross-petition covering many pages. The administrator also details certain questions arising under the wills of Ichabod and Cynthia Jones, and the cross-petition asserts that it is necessary that we have a determination of the questions involved in the title by virtue of the two wills for the purpose of determining whether he has the right to bring an action to sell the real estate for the payment of the debts of the said Emma Jones, as if she owned the fee simple title to the property in question, or any interest therein at the time of her death, subject to the payment of her debts. The administrator also sets out that the question arising under Item V of the

will of Cynthia Jones involves a construction of both wills, and whether, if she had the power of appointment, she exercised it. It is asserted that the questions arising require the determination of whether it was the testator's intent that whatever interest Cynthia Jones took as to the property was to be enjoyed by her only for life or by a longer tenure. The administrator sets out the action of Cynthia Jones in devising the house and lot to Emma Jones on the theory that they were her property. It is stated that Emma Jones asserted adverse possession from the death of her mother in 1898 until her death in 1939 and claimed complete ownership.

It is asserted by the administrator that it is necessary that he have a determination of the questions arising out of the execution and delivery of the writing signed by Emma Jones dated February 19, 1915, acknowledging a debt to Mary Elizabeth Deshler in a sum in excess of $50,000.00 furnished by Mrs. Deshler to Emma Jones for the purposes of paying taxes upon the property in question. The administrator says that it is necessary for him to be instructed as to whether said instrument constitutes a lien upon the real estate described in the petition; if the title to said real estate was vested in fee simple in Emma Jones and whether the administrator has the right to sell said real estate to satisfy the lien. The further question is whether if the instrument does not create such a lien, is the claim of the plaintiffs based upon the payment of taxes in' the amount specified a valid claim against the estate to be allowed by the administrator, and further if Emma Jones died seized of said real estate subject to the sale to pay said claim, does any general statute of limitations bar the enforcement of payment of part of the claim? It is asserted that plaintiffs and defendants are not in agreement on these questions and that said administrator cannot in safety perform his duties as such fiduciary without a determination and declaration of his rights and obligations, nor without a construction of the wills of said Ichabod Jones and Cynthia Jones. He prays for judgment declaring his rights and obligations, and that the Court determine the several rights of the various parties.

PLAINTIFFS' REPLY.

The plaintiffs for reply to the answer of the defendants deny that Emma Jones was without authority or incompetent to execute the agreement in question. They further deny that Emma Jones was without authority to pledge the real estate described in the petition or to encumber the same with any lien or to bind said real estate for the payment of any debt. They allege that Emma Jones' possession of the real estate

after her mother's death to the date of her own was solely and exclusively on her own behalf under a fee simple title to said real estate and was adverse to said defendants and continuous from July 18, 1898, to October 9, 1939, a period of more than forty-one years, all of which was known to the defendants, and that by reason thereof any claim of the defendants to the real estate is now barred by the statute of limitations. Plaintiffs admit that the defendants, Louise Deshler Cox, Helen Deshler Brown and Marie Gwynne Crotti, are each seized of an undivided ¼ of the real estate described in the petition, and that the defendants, Louise Burr, Baldwin J. Gwynne and Marie Brown Caren are each seized of an undivided 1/12.

It will be readily seen that due to the long course of years during which this valuable real estate in the City of Columbus was occupied by various heirs or devisees of Ichabod Jones under his will and the several other wills incident to the title, and the question of the title of Emma Jones and the final devolution of the property upon her death, and further the question of her right to give a valid lien upon the property occupied by her to her sister, Mary Elizabeth Deshler, to secure to her the money advanced by Mrs. Deshler for the payment of the taxes during the course of years, and further, the question as to the various statutes of limitation asserted by the parties as controlling the right to recover this sum of money, and the right of Emma Jones to acquire a title to the real estate by adverse possession, the determination of the legal questions raised by the petition and the answer and cross-petition of the administrator, are exceedingly complicated and difficult of an analysis within a space that can justly be given to the decision of this matter. It will be impossible for us within the proper limits of this decision to make a critical examination of the reasoning of the Court below.

The Court below in treating of the matter apparently combined finding of facts and conclusions of law in the same entry. In the entry dated June 15, 1944, covering ten pages, we find embodied the Court's views. The entry includes the Court's ruling on certain matters that are of no immediate consequence, as they relate to procedural matters.

During the course of the procedure several interrogatories were submitted to the Court, to which answers were given by the Court, but we will refrain from further noting these, due to lack of space. The Court makes certain findings of fact which form the background of his conclusions of law. There is no conflict on the facts asserted by the several pleadings.

The whole matter in controversy arises from the provisions of the will of Ichabod G. Jones, which, according to counsel

for defendants, is an inartistically home-made will raising many intricate questions.

Ichabod G. Jones died testate on the 9th of March, 1857, survived by his widow, Cynthia, and by four children, one son and three daughters. All of the children except Emma married and have since deceased, leaving heirs. Emma, the decedent, against whose estate the claims of the plaintiffs are asserted, was never married. There was vested in Emma as one of the daughters of the said Ichabod, an undivided ¼ interest in the real estate, subject to the life estate set off by said trustees to the widow of Ichabod as her dower. The property in question consisted of 112½ feet off the west end of inlot No. 552 of the City of Columbus.

Cynthia, the widow of Ichabod, had neither the right nor the power to dispose by her last will of the remainder or any other interests she had in the real estate, and the provisions of her will attempting to devise the same to Emma were void, and by virtue thereof Emma acquired no interest in the real estate, her only interest being the undivided ¼ part received by her as part of her father's estate, **under his will.**

After the death of Cynthia, who was vested with said life estate, Emma occupied said premises as the owner in fee simple of the undivided ¼ interest therein and as a tenant in common with Mary Elizabeth Deshler and other owners thereof, whose interests are not now before the Court. Emma Jones by her occupancy of the property over a long period of time acquired no right by adverse possession to the 3/4 interest. Due to the failure of Mary Elizabeth Deshler to file certain certificates under §5682 **GC,** the plaintiffs have acquired no statutory lien against the real estate or any part thereof, and further, any attempt to assert such statutory lien would be barred by the statute of limitations as having occurred more than six years prior to the filing of the present suit. Under §5693 **GC,** there is a limitation of six years against the enforcement of the lien.

As distinguished from the statutory lien an equitable lien has been created by the contract in writing between Emma Jones and Mary Elizabeth Deshler, being Exhibit "A" attached to the petition, but only to the extent that such contract is based upon a valuable and equitable consideration. Such lien can only be to the extent of ¼ of the amount advanced by Mrs. Deshler for the payment of taxes, that being the extent of the interest of Emma Jones in the real estate for which the taxes were paid, and the ¼ of the amount of the claim has not been barred by the statute of limitations because of the written acknowledgment of May 10, 1932. The

acknowledgment by Emma Jones of the amount due to her sister in the sum of more than $50,000.00 was made because of the mutual mistake of Mary Elizabeth Deshler and Emma Jones in assuming that at the time of the execution of the instrument and thereafter until the death of Emma, she was obligated to pay all the taxes and assessments levied on the real estate, both Mrs. Deshler and Emma being unaware that Emma owned only a ¼ interest in said real estate and that Mary Elizabeth Deshler had a life or greater interest as tenant in common with others who were not parties to the instrument. This mutual mistake with respect to the rights of Emma Jones was one that arose out of private rights of ownership through a misapprehension of the respective interests in said real estate, and the instrument should be reformed so as to reduce the claim of the plaintiffs against the estate of Emma to ¼ of the total taxes listed in the instrument attached to the petition in accordance with the prayer for amendment of the administrator in his cross-petition.

The ¼ of the $51,921.80, the total shown by the claimed lien, to wit, the sum of $12,980.45 with certain interest payments, is the amount which the plaintiffs as executrices are entitled to recover from the administrator and no more.

In the conclusion of the entry the Court directs that James I. Boulger, as Administrator of the estate of Emma Jones, shall allow and pay out of her estate to the plaintiffs as executrices, the sum of $12,980.00 with proper interest, which shall be in full payment and discharge of the claimed lien asserted in the petition, and in payment of all indebtedness of Emma Jones and of her estate to the plaintiffs. The balance of the charge in amount appearing in Exhibit "A" is without consideration and unenforcible, and said administrator of said estate as to this is relieved from any liability. Exhibit "A" should be corrected and reformed so as to reduce each item of charge therein by 75 per cent and so as to show that the consideration passing to Emma Jones instead of being the amount shown, is as a matter of fact ¼ thereof. The claim for taxes should be reformed by striking out certain words and substituting "¼ in the premises", and so as to further show that the lien in favor of Mary Elizabeth Deshler on said ¼ interest in said property amounts to $12,980.00 instead of the amount of over $50,000.00 admitted by Emma Jones.

The decree should have the force and effect of a reformation to that extent.

"To these findings, in so far as they limit the title of

320

Emma Jones to ¼ of said real estate and her liability to plaintiffs as executrices to ¼ of said sum of $51,921.80, the plaintiffs, except, and to all the findings so far as they accord to the said Emma Jones any portion of the real estate in fee simple and declared in said exhibit attached to the petition as creating a lien payable by said administrator in any amount whatsoever, the defendants, Marie Gwynne Crotti, et al., except.

James I. Boulger, Administrator, excepts to the finding in favor of the plaintiffs for $12,980.45.

The Court has carefully gone over and considered in detail the learned opinion of the trial court and is of opinion that the Judge below has arrived at a proper conclusion in this matter.

Judgment of this Court the same as in the Common Pleas Court.

HORNBECK, P. J., and SHERICK, J., concur.

## ON MOTION FOR NEW TRIAL

No. 3755.  Decided November 27, 1945.

William M. Summer, Columbus, Robert H. Hoffman, Columbus, and Worthington E. Babcock, Columbus, for plaintiffs-appellants, Wm. M. Summer, Admr., d. b. n., with the will annexed, and Helen Deshler Brown, Executrix of the last will and testament of Mary Elizabeth Deshler, deceased.

W. Glover Porter, Columbus, Lawrence D. Stanley, Columbus, for defendants-appellees, Marie Gwynne Crotti, Andre Crotti, Louise Gwynne Burr and Marie Brown Caren.

R. E. Weaver, Columbus, for defendants-appellees Karl E. Burr and John M. Caren as Trustees under the will of Edmiston Gwynne, deceased.

James I. Boulger, Columbus, as Administrator of the estate of Emma Jones, deceased, defendant-appellee.

James F. Henderson, Columbus, for defendant-appellee, Baldwin J. Gwynne.

Vorys, Sater, Seymour & Pease, Columbus, Amicus Curiae.

By THE COURT:

Submitted on motion of plaintiffs-appellants for new trial. The motion will be overruled.

HORNBECK, P. J., and SHERICK, J., concur.