KUHNLE, APPELLANT, v. RUSMISEL ET AL., APPELLEES.

(No. 570—Decided December 6, 1960.)

*Mr. Richard A. Goater*, for appellant.
*Mr. William E. Bailey*, for appellee Beverly Di-Anne Kuhnle Rusmisel.
*Mr. Carl B. Felger*, for appellees Marguerite K. Jay, admx. of the estate of Earl W. Kuhnle, and The Third Savings & Loan Company.

CRAWFORD, J.   This appeal on questions of law arises in a suit for partition of premises owned by plaintiff-appellant and by Earl W. Kuhnle, defendant-appellees' decedent.

A motion to the second amended petition was, by consent

of counsel, treated as a demurrer and was sustained by the court with respect to certain claims of lien asserted by plaintiff.

It was alleged that plaintiff had made payments aggregating $1,080 on a first mortgage given to the Third Savings & Loan Company of Piqua, Ohio. Plaintiff says that "she and the defendant, the Third Savings & Loan Company of Piqua, Ohio, are the owners" of the mortgage "against said premises." The entry in the Court of Common Pleas recites an agreement by plaintiff's counsel that no mortgage was executed to the plaintiff. Obviously plaintiff is not the owner of a mortgage on her own premises. According to the brief her claim is by way of subrogation to the extent of her payments on the mortgage to the loan company.

Plaintiff claims also liens on the premises to the extent of $398.46 for the cost of improvements made, of $295.54 for taxes, and of $35.15 for insurance, all paid by her.

There is no allegation that any of these claims was ever presented to the defendant administratrix as provided by Sections 2117.06, 2117.07 and 2117.08, Revised Code. Plaintiff claims the benefit of the exceptions contained in Section 2117.10, Revised Code, to that requirement. That is, she contends that her liens are such as are evidenced by documents admitted to public record and by actual possession of the real estate.

Questions of the right of subrogation for partial payment of a mortgage on one's own premises are argued in the briefs. If plaintiff's right of subrogation in the mortgage were conceded, she would still be confronted with the requirement of a document admitted to public record representing the obligation to her.

An important purpose of the statutes providing for presentation of claims to an executor or administrator is to give notice to the fiduciary of the existence of the claims.

Section 2117.10, Revised Code, provides for the preservation of a "valid lien" even without presentation, in the circumstances therein provided. It reads:

"The failure of the holder of a valid lien upon any of the assets of an estate to present his claim upon the indebtedness secured by such lien, as provided in Section 2117.06 of the Revised Code, shall not affect such lien if the same is evidenced

by a document admitted to public record, or is evidenced by actual possession of the real or personal property which is subject to such lien.''

This was formerly Section 10509-123, General Code, which became effective as amended August 22, 1941. The committee comment at the time of the amendment of the statute to its present form contains this language, which has pretty well set the course for its construction and application:

''Former General Code Section 10509-123 had very broad application, particularly in that it included equitable liens. * * * The present statute will protect those liens of which the executor or administrator may reasonably be expected to have knowledge. As to other liens, the lienholder is required to bring his lien to the attention of the executor or administrator, by presenting a claim thereon. * * * This section is an exception to the general policy of the 1941 amendments, which would require that all claims be presented, and consequently the committee is of the opinion that its application should be limited in the manner set forth.''

The exceptions provided by Section 2117.10, Revised Code, are conditioned upon the requirement that the excepted lien shall be ''evidenced'' by a public record, or by actual possession. There is no allegation that any assignment to the plaintiff of an interest in the mortgage has ever been made or recorded. Record of the mortgage to a third party furnishes no notice to the fiduciary of plaintiff's claim to an interest therein. Nor is there an allegation of a public record of any lien in the plaintiff for the cost of improvements or taxes or insurance paid by her.

Plaintiff alleges that from the death of the decedent co-owner she was in possession of the premises under her claim of lien for all the items expended by her. She was already entitled to possession as a tenant in common. Hence, possession by her is not evidence or notice of her claim of lien.

With respect to the taxes paid by plaintiff, our attention has been directed to Section 5719.26, Revised Code, which reads:

''A part owner who pays the tax on the whole tract of which he is part owner shall have a lien on the shares or parts of the other part owner for the tax paid on their shares or parts. Such owner may receive such amount, paid with interest thereon, on the sale or partition of such lands and he may enforce the

collection of such amount with interest, as any other lien or charge.''

This right, like many others, is subject to statutes of limitation. For example, the limitation of six years has been held to apply. *Cox* v. *Boulger, Admr.*, 78 Ohio App., 527.

The statutes requiring presentation of claims to executors and administrators also have been held repeatedly to be statutes of limitation. *Beach, Recr.*, v. *Mizner, Exr.*, 131 Ohio St., 481; 22 Ohio Jurisprudence (2d), 664, Executors and Administrators, Section 304.

Hence, there is no conflict between these statutes of limitation and Section 5719.26, Revised Code, creating a "valid lien" for payment of taxes.

It is to be noted that plaintiff has cast herself in the role of a lien claimant and is not asserting any actual ownership in decedent's share of the premises.

We are of the opinion that plaintiff has not brought her claims within the exceptions provided by Section 2117.10, Revised Code, and that the Court of Common Pleas correctly sustained the motion as upon demurrer.

The partition itself was ordered proceeded with and is unaffected by the ruling upon the motion.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.