In re Estate of Philhower, Deceased.

(No. 233301—Decided January 7, 1964.)

Probate Court of Hamilton County.

*Messrs. Cors, Hair & Hartsock* and *Mr. Clyde E. Mattox,* for exceptor.

*Mr. William B. Saxbe,* attorney general, for Department of Taxation.

Davies, J. This matter came before the court upon the exceptions of Elizabeth Philhower, administratrix of the estate of her mother, Belle Philhower (who died intestate on November 7, 1961), and, individually, as the sole heir at law of said decedent, to an order of the court fixing additional inheritance tax in the amount of $519.23 upon real estate passing from the mother to the daughter at the time of the mother's death. The real estate in question was conveyed to the mother from Jack D. and Wilma Mabel Dudley by a general warranty deed, dated March 5, 1956, for a purchase price of $21,250.00. The real estate has been valued at $20,000.00 for inheritance tax purposes in the mother's estate. The daughter has attempted to show, by the filing of her exceptions to the determination of the inheritance tax, that she should not be required to pay tax on the full $20,000.00 value of the real estate but should pay tax only on the sum of $2692.18 because she, the daughter, had ad-

180

vanced the sum of $17,307.82 toward the purchase price of the real estate when it was purchased and the title was taken in the name of the mother on March 5, 1956. The daughter, in her exceptions, claims she should, therefore, receive a credit at the rate of three per cent on her contribution of $17,307.82, amounting to $519.23, of the total inheritance tax of $1160.93 fixed by the court on a taxable succession to her of $51,697.59, which, as stated, included a valuation of $20,000.00 on the real estate passing from the mother to the daughter.

The daughter did not present a claim against the mother's estate for the money she claims she advanced toward the purchase of the real estate which appeared in the name of the mother when she died.

The exceptor claims that it was unnecessary for her to present her claim against her mother's estate for money advanced by her in the purchase of the described real estate because of the provisions of Section 2117.10, Revised Code. This section, as it became effective on October 1, 1953, provided that "the failure of the holder of a valid lien upon any of the assets of an estate to present his claim upon the indebtedness secured by such lien, as provided in Section 2117.06, Revised Code, shall not affect such lien if the same is evidenced by a document admitted to public record, or is evidenced by actual possession of the real or personal property which is subject to such lien." The legislature amended this section, effective January 23, 1963, by changing the words "Section 2117.06" to "Chapter 2117."

We believe that the exceptor has misconstrued the provisions of said Section 2117.10, Revised Code, as it relates to the facts in the instant case. It has been held in the case of *Kuhnle* v. *Rusmisel et al*, 113 Ohio App. 389, that "the exceptions to the rule prescribed in Section 2117.06, Revised Code, contained in Section 2117.10, Revised Code, that the failure of the holder of a lien on any asset of an estate to present his claim shall not affect such lien if it is evidenced by a document admitted to record or by actual possession of the property which is subject to such lien, are conditioned upon the requirement that the excepted lien be 'evidenced' by a public record or by actual possession," and that "possession of real property by a tenant in common is not, of itself, evidence or notice of a lien thereon claimed by such person for improvements made on such prop-

erty and for payments of taxes, insurance and on a mortgage.''

The court, after reviewing the evidence and studying the law appertaining thereto, has concluded that it is without authority in the present proceedings, the exceptions to the court's determination of an inheritance tax, to find that the daughter had either an undocumented legal or beneficial interest in, or lien on, the real estate which appeared of record in the name of the mother at the time of the mother's death.

Since Belle Philhower died intestate having record title to the real estate which descended to her daughter, Elizabeth Philhower, under the Ohio laws of descent and distribution, an inheritance tax should be levied, as provided by Section 5731.02, Revised Code, upon such succession at the rate established in Section 5731.12, Revised Code.

The exceptions of the fiduciary and beneficiary, therefore, are overruled.

*Exceptions overruled.*