{¶ 81} I regrettably, respectfully dissent from the majority's opinion in this case.
 {¶ 82} There is no question that appellant's conduct, both in the workplace and during the judicial process, was reprehensible. But such improper conduct does not necessarily warrant the erasure of a jury's decision, especially, as in this case, when the jury is fully aware of such conduct by one of the parties.
 {¶ 83} As unusual as a jury's decision may be in a given case, "a court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury." Rohde v. Farmer
(1970), 23 Ohio St.2d 82, 92. While it is apparent from the record that appellant was disingenuous in deposition and at trial, the discrepancy in appellant's testimony was clearly before the jury. Indeed, attacking appellant's credibility was an integral part of appellee's trial strategy. Likewise, appellant's change in his testimony about his sexual relations with appellee occurred in the presence of the jury. It is difficult to understand how appellee's counsel did not anticipate the possibility of appellant's change in testimony on this issue, especially in light of appellee's trial strategy to put another employee on the stand concerning appellant's sexual behavior and to introduce the scientific evidence concerning appellee's clothing. But it is even more difficult to conclude that actual prior knowledge of appellant's testimonial claim that he had consensual sex with appellee would have made a substantial difference in the outcome of this case.
 {¶ 84} The jury was aware of appellant's sexual improprieties with appellee and another female employee. The jury observed appellant's change in testimony from denial of a sexual relationship with appellee to an admission of such a relationship, but allegedly a consensual one. The jury also heard appellee's testimony that appellant raped her. Evidence was also presented to the jury that appellee continued to work for appellant for several weeks after such alleged rape.
 {¶ 85} In essence, this case came down to the credibility of the parties. Despite appellant's totally contradictory testimony that the sexual activity was consensual, and the opposite claim by appellee that she was raped, the jury found in favor of appellant. Based on the record, it cannot be said that the jury lost its way. Rather, the jury, for whatever reason, believed appellant (despite the inconsistencies in his testimony) more than they believed appellee. Upon a retrial, the testimony would be the same. Appellee will claim rape and appellant will claim consent. Appellee will attack appellant's credibility at trial by introducing appellant's prior contradictory denials of any sexual activities with appellee.
 {¶ 86} While appellant changed his testimony from his prior deposition, such conduct, while a clear basis for prosecution, and in this case, professional disciplinary action, does not automatically warrant a new trial. Indeed, if this testimony change was such a surprise, appellee should have moved for a mistrial or the court should have sua sponte ordered a mistrial.
 {¶ 87} Perjury should never be condoned. But, inconsistent testimony on the stand should only warrant the nullification of a jury's verdict when it is determined that such testimony is uncontradicted or not shown to the jury to be false or contradictory. See Markan v.Sawchyn (1987), 36 Ohio App.3d 136. In such a case, the jury is clearly misled. However, this action is not such a case.
 {¶ 88} The contradictory nature of appellant's testimony unfolded in the presence of the jury. Appellant testified that he did not have sexual relations with appellee, but then later stated that he had consensual sexual relations with her. The falsity of one of these statements had to be apparent to the jury.
 {¶ 89} Appellant's conduct was abhorrent and unacceptable. Prosecution for perjury and disbarment appear to be appropriate. From a civil litigation perspective, however, neither the trial court, nor this court, should nullify a jury's verdict because of a repugnant party or a questionable outcome. In this case, we may not agree with the jury's verdict. But, the jury was well aware of the inconsistencies of appellant's testimony and the opposite claims of appellant and appellee as to the voluntariness of their sexual activities. Whether we agree or not, in all but the most extreme situations, the jury's verdict is sacrosanct. See Markan, supra.
 {¶ 90} While concerned about the nature of appellee's claims, and greatly displeased by appellant's conduct, appellee is not entitled to a second chance to see if another jury would reach a different conclusion. As much as one would like to say otherwise, the jury's decision in this case should be respected. Therefore, the trial court's rulings granting a new trial and attorney's fees should be reversed.