JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Tammy Ward-Sugar (appellant) appeals the court's denying her motion for a new trial after the jury found in favor of defendant Alfred Collins (appellee) in this motor vehicle accident case. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On November 9, 2000, appellant and appellee were involved in an automobile accident. On January 24, 2005, appellant filed suit against appellee for personal injury. On November 2, 2005, after a three-day trial, the jury found for appellee. On November 21, 2005, appellant filed a motion for a new trial pursuant to Civ.R. 59, which the court denied.
 II {¶ 3} In her sole assignment of error, appellant argues that "the trial court committed reversible error in denying plaintiff-appellant's motion for new trial." Specifically, appellant argues that because appellee perjured himself during cross-examination, she is entitled to a new trial.
 {¶ 4} The pertinent parts of Civ.R. 59(A) state that a "new trial may be granted * * * upon any of the following grounds: * * * (2) Misconduct of the jury or prevailing party * * *." The Ohio Supreme Court stated the following relating to granting or denying new trials based on the movant's claim that a witness gave false testimony:
"A witness is required to take an oath before giving histestimony and is subject to prosecution for perjury if he givesfalse testimony. Furthermore, juries have the duty to detect anddisregard false testimony. Finally, in the event that a jury doesnot detect and disregard false testimony, the trial court and theCourt of Appeals each has a clear duty to grant a new trial onthe weight of the evidence where it appears probable that averdict is based upon false testimony."
 Tanzi v. New York C.R. Co. (1951), 155 Ohio St. 149, 153. In summary, the losing party must establish that false testimony occurred and that it is probable the adverse verdict is based on this false testimony.
 {¶ 5} We review granting or denying a motion for a new trial for an abuse of discretion. See, Hallman v. Skender (Jan. 28, 1988), Cuyahoga App. No. 53027.
 {¶ 6} In the instant case, appellant claims that appellee testified falsely under cross-examination about the condition of her vehicle as follows:
"Q: You observed the black Toyota after the accident?
 A: Yeah.
 Q: What did it look like?
 A: There was no damage to it.
 Q: No damage to the Toyota?
 A: No."
 {¶ 7} Appellant argues that she relied on the following evidence at trial to establish that there was, in fact, damage to her vehicle: a) her own testimony; b) her mother's testimony; c) her employer's testimony. However, none of this testimony has been made part of the record for our review. In addition, in appellant's motion for a new trial, she included the following evidence of damage to her vehicle: a) an affidavit from a representative of an automobile repair shop along with an estimate to repair her car; and b) an affidavit from the police officer on the scene of the accident along with the accident report showing damage to the vehicle. However, these items were not presented as evidence at the trial.
 {¶ 8} It is unclear whether a layperson stating that "there was no damage" to a vehicle when he looked at it amounts to lying under oath when other evidence points to the notion that the vehicle was damaged. Concerning motions for new trials made under Civ.R. 59(A)(2), we held the following:
"In this case, defendant claims the record indicates that akey witness's testimony consisted of false statements. Inreviewing the record, we conclude to the contrary. Although thetestimony may at times have been inconsistent and contradictory,there is insufficient basis for a determination that it wasfalse. If apparent contradictions by witnesses justified newtrials, courts would be besieged with motions for new trialsbecause such evidence is found in almost every trial."
 Markan v. Sawchyn (1987), 36 Ohio App.3d 136, 138.
 {¶ 9} Assuming for argument's sake that appellant did establish that appellee testified falsely, appellant fails to establish the second prong of the test — that the jury found for the defense based on this testimony. To make this determination, we examine the weight of the evidence per the Ohio Supreme Court's Tanzi test.
 {¶ 10} In the instant case, it is undisputed that appellee was traveling at approximately 15 m.p.h. when his vehicle hit the rear of appellant's vehicle while appellant was stopped at an intersection. Appellant's position is that both she and her vehicle were damaged in the accident. To support this at trial, appellant offered her own, her mother's and her employer's testimony that her car sustained damage from the collision. She also offered expert medical testimony, as well as eyewitness accounts, that she suffered from the following personal injury: "carpal tunnel syndrome of [her] hands and wrists from tightly gripping the steering [wheel] of her auto at the moment of impact."
 {¶ 11} Appellee, on the other hand, argues that "even if appellee's recollection as to the extent of damage was incorrect, which appellee does not believe that it was, this is a minor fact which has little or no bearing on the proximate cause of appellant's alleged injuries. There is an abundance of evidence in the record which supports the jury's finding that appellant's alleged injuries were not proximately caused by the accident. Additionally, there is ample evidence in the record to support the jurors' finding that appellant was simply not a credible witness." To support his argument, appellee presents evidence showing that the medical testimony linking appellant's carpal tunnel syndrome with the accident in question is based on appellant's telling the doctors that she did not have this problem before the accident, but she started having symptoms after the accident. Appellee then presented contradictory evidence questioning appellant's credibility, namely that appellant's injuries predated this accident. Appellant was awarded permanent partial disability stemming from two workers' compensation claims, and she has been involved in 15 automobile accidents. There are no medical records directly associated with this accident, as neither appellant nor appellee elected to go to the emergency room or have any other kind of medical treatment at the time. Finally, appellee presented multiple forms of evidence showing that carpal tunnel results from repetitive motion rather than blunt trauma.
 {¶ 12} Given this evidence, it is easy to see why a jury found for the appellee in the instant case. Simply put, appellant was not credible in her story that this accident caused her carpal tunnel syndrome. Appellee's testimony that there was no damage to appellant's car seems to have no bearing on the outcome of this case. We conclude that the court did not abuse its discretion when denying appellant's motion for a new trial, and her sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., concur.