[Cite as *First Union-Lehman Bros.-Bank of Am. Commercial Mtge. Trust v. Pillar Real Estate Advisors, Inc.*, 2014-Ohio-1105.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FIRST UNION-LEHMAN BROTHERS- | : | |
| BANK OF AMERICA COMMERCIAL | : | Appellate Case No. 25864 |
| MORTGAGE TRUST, COMMERCIAL | : | |
| MORTGAGE PASS-THROUGH | : | Trial Court Case No. 2010-CV-9039 |
| CERTIFICATES, SERIES 1998-C2 | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | (Civil Appeal from Montgomery County |
| v. | : | Common Pleas Court) |
| | : | |
| PILLAR REAL ESTATE ADVISORS, | : | |
| INC., et al. | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . .

MICHAEL P. SHUSTER, Atty. Reg. #0067304, and TAMI HART KIRBY, Atty. Reg. #0067304, Porter Wright Morris & Arthur LLP, One South Main Street, Suite 1600, Dayton, Ohio 45402-2028
        Attorneys for Plaintiffs-Appellant

BRANDON C. HEDRICK, Atty. Reg. #0081458, Hedrick & Jordan Co., L.P.A., 100 East Third Street, Suite 500, Dayton, Ohio 45402
        Attorney for Defendants-Appellees, Health, LLC and Pillar Real Estate Advisors, Inc.


SYLVIUS H. Von SAUCKEN, Atty. Reg. #0002266, 6323 Oxwynn Lane, Charlotte, North Carolina 28270
and

DEAN HINES, Atty. Reg. #0062990, 7950 Clyo Road, Centerville, Ohio 45459
    Attorneys for Defendant-Appellee, K. Dean Wertz

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Plaintiff-appellant First Union-Lehman Brothers-Bank of America Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 1998-C2 ("First Union") appeals from an order of the Montgomery County Common Pleas Court denying its motion to substitute the estate of Dean Wertz as a party-defendant and dismissing Wertz from the action.   First Union also appeals from a summary judgment rendered against it on its claim for a creditor's bill against the remaining defendants, Health, LLC and Pillar Real Estate Advisors.

{¶ 2}   We conclude that the trial court properly denied the motion to substitute, because it was not timely, and the trial court did not abuse its discretion in finding no  excusable neglect.   We further conclude that summary judgment was properly rendered, because the creditor's bill claim was dependent upon the substitution of Wertz's estate as a party.

{¶ 3}   Accordingly, the order and summary judgment from which this appeal is taken are Affirmed.

## I.   The Course of Proceedings

{¶ 4}   In November 2010, First Union brought this action against K. Dean Wertz, Health, LLC  dba Lighthouse Fitness Center, and Pillar Real Estate Advisors, Inc.   First Union alleged that it had previously obtained a judgment against Wertz in the amount of $432,557.47.   First Union further alleged that Wertz had made fraudulent transfers to Pillar and Health in order

to avoid the debt owed to First Union. In its complaint, First Union asked the trial court to pierce the corporate veil and to hold Pillar and Health jointly liable for Wertz's debt. Of significance to this appeal, First Union's suit set forth a claim for equitable relief in the form of a creditor's bill, pursuant to R.C. 2333.01, for the $432,557.47 owed by Wertz.

{¶ 5} On March 9, 2011, counsel for Wertz filed a Suggestion of Death, indicating that Wertz had died a few days earlier. An estate was opened for Wertz in Hamilton County in November 2011. On May 4, 2012, First Union moved to substitute the estate of Wertz as a party-defendant, pursuant to Civ.R. 25(A). First Union argued that its failure to move for the substitution within the 90 days permitted by Civ.R. 25(A) should be excused due to excusable neglect. Specifically, First Union alleged in its motion that previous counsel for Wertz had represented, on several occasions, that no estate would be opened because Wertz had only minimal assets. First Union offered no affidavit in support of this allegation. First Union also argued that its creditor's bill constituted a lien against the estate, which was not required to be presented to the fiduciary for the estate, citing R.C. 2117.10. The defendants opposed First Union's motion.

{¶ 6} Pillar and Health moved for summary judgment on all the pending claims. Of relevance to this appeal, they argued that First Union's creditor's bill claim must fail because First Union had not obtained a lien against them, and because the claim was not presented to the fiduciary for Wertz's estate.

{¶ 7} The trial court overruled First Union's motion to substitute Wertz's estate. The trial court found that First Union had failed to seek the substitution within the time allowed by Civ.R. 25(A), and had failed to establish excusable neglect. The court noted that even if First

Union thought that no estate would be opened, it had the power to force the opening of an estate, pursuant to R.C. 2113.06. The trial court also found R.C. 2117.10 inapplicable to the facts of this case.

{¶ 8} Subsequently, the trial court rendered summary for the defendants on First Union's claim for the creditor's bill. The trial court did not grant summary judgment on the claims for fraudulent transfer or piercing the corporate veil. Wertz was later dismissed as a party-defendant.

{¶ 9} Pursuant to an Agreed Order, judgment was rendered against Pillar in the amount of $432,557.47, without prejudice to First Union's right to appeal from the overruling of its motion to substitute Wertz's estate, the dismissal of Wertz as a party, or the summary judgment rendered on its creditor's bill claim.

{¶ 10} First Union appeals.

## II. The Trial Court Did Not Err in Overruling First Union's Motion to Substitute Wertz's Estate as a Defendant and in Dismissing Wertz as a Defendant

{¶ 11} First Union's First Assignment of Error states:

THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION TO SUBSTITUTE THE ESTATE OF KENNETH DEAN WERTZ AS A PARTY DEFENDANT, AND CONSEQUENTLY SHOULD NOT HAVE DISMISSED KENNETH DEAN WERTZ AS A PARTY DEFENDANT.

{¶ 12} First Union argues that the trial court erred in denying its motion to substitute and by dismissing Wertz as a party.

**{¶ 13}** Civ.R. 25(A) states that "[i]f a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. * * * Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record * * * the action shall be dismissed as to the deceased party." A party who fails to timely file such a motion may seek to file out of time, pursuant to Civ.R. 6(B), upon a showing of excusable neglect. *Markan v. Sawchyn*, 36 Ohio App.3d 136, 521 N.E.2d 824 (8th Dist. 1987).

**{¶ 14}** First Union did not move to substitute until more than a year after the suggestion of death was filed. First Union argued that its failure to comply with the time limits of Civ.R. 25(A) was attributable to excusable neglect. Specifically, it argues that it was informed that no estate would be opened and that Wertz had minimal assets. In the alternative, First Union argued that pursuant to R.C. 2117.10, its claim against the Wertz estate was not extinguished by its failure to present the claim against the estate of Wertz.

**{¶ 15}** We have found the excusable neglect standard of Civ.R. 6(B) applicable to Civ.R. 25(A). *Amburgey v. Dayton Power & Light Co.*, 2d Dist. Montgomery No. 8248, 1984 WL 4888, * 5 (May 15, 1984). And we have held that the excusable neglect of Civ.R. 6(B) is "similar to the excusable neglect standard under Civ.R. 60(B) but is applied less stringently." *Epicor Software Corp. v. Sample Machining Co.*, 2d Dist. Montgomery No. 20390, 2005-Ohio-2234. In determining whether excusable neglect has been demonstrated the court must examine "the danger of prejudice to the [movant], the length of delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cleveland Mun. School Dist. v. Farson*, 8th Dist. Cuyahoga No. 89525, 2008-Ohio-912, ¶ 12, quoting *Pioneer*

*Invest. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). A court should proceed with the understanding that it is preferable to decide cases on their merits rather than on procedural grounds. *Bugoni v. C & M Towing*, 10th Dist. Franklin No. 12AP-62, 2012-Ohio-4508, ¶ 5.

{¶ 16} In finding that First Union failed to establish excusable neglect, the trial court stated:

> The Ohio Revised Code clearly allows a creditor to force the opening of an estate in situations such as this. R.C. 2113.06(C) (stating that "[t]he person granted administration may be a creditor of the estate"). Specifically, the Second District Court of Appeals in *Reid v. Administrator of the Estate of Eva F. Peterson* stated the following[1]:

>> [T]he course of action for creditors owed by a decedent whose estate has not been opened becomes clear. Rather than allow the passage of time to extinguish his claim, the creditor must act to protect his interest by availing himself of the statutory mechanism which allows him to more or less force appointment of an administrator, be it a surviving spouse, next of kin, the creditor himself, or some other qualified person.

> The *Reid* Court went on to say, "if such a party fails through lack of diligence to procure such appointment within time to properly urge his claim the

---

[1] The case is actually *Reid v. Premier Health Care Services Inc.*, 2d Dist Montgomery No. 17437, 1999 WL 148191, * 4 (Mar. 19, 1999).

law should not come to his aid." First Union, upon being notified by [prior counsel for Wertz] that no estate would be opened, could have moved to force an estate to be opened, and the failure to do so constitutes a lack of diligence. This failure of diligence is not ameliorated by [counsel's] assertion that Mr. Wertz's estate had minimal assets. Due diligence, at this juncture, required the forced opening of the estate to test this assertion.

{¶ 17} We review the trial court's determination whether there has been excusable neglect under an abuse-of-discretion standard. *Amburgey*, *supra*. We agree with the trial court's analysis. "Where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Wrinkle v. Trabert*, 174 Ohio St. 233, 188 N.E.2d 587 (1963), second paragraph of syllabus, quoted in *Reid v. Premier Health Care Sevices, Inc., supra,* at *4. First Union was made aware of Wertz's death by the March 2011 filing of the suggestion of death, but it failed to act until May 2012, when it moved to substitute the estate. We agree that First Union's failure, for almost fourteen months, to have taken any action to cause the opening of an estate did not constitute excusable neglect.

{¶ 18} First Union notes that the estate administrator had a duty to file notice of her appointment in this action, if she had actual knowledge of this action. But there is no evidence in the record, and First Union does not claim, that the administrator had actual knowledge of this action.

{¶ 19} First Union's First Assignment of Error is overruled.

**III.   The Equitable Lien Represented by an Action for a Creditor's Bill**

**Is Not Exempted by R.C. 2117.10 from the Requirement of**

**Timely Presentation of a Claim Against an Estate**

{¶ 20}   First Union's Second Assignment of Error is as follows:

THE TRIAL COURT INCORRECTLY SUMMARILY DISMISSED APPELLANT'S CREDITOR'S BILL CLAIM.

{¶ 21}   First Union argues that it was not required to take steps to preserve its claim against the estate of Wertz, because its lien, established by virtue of filing this present action under R.C. 2333.01, is preserved by R.C. 2117.10.

{¶ 22}   R.C. 2117.06(B) acts as a bar to any claim against an estate if not presented within six months of the decedent's death.   R.C. 2117.10 is an exception to that time limitation and serves to preserve valid liens – those evidenced by public record or possession of the asset – without regard to whether they are timely presented.

{¶ 23}   R.C. 2333.01 governs actions for creditor's bills.   That statute provides, in pertinent part:

When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in * * * a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order * * * shall be subject to the payment of the judgment by action.

{¶ 24}   An action for a creditor's bill is equitable in nature.   *Gaib v. Gaib*, 14 Ohio App.3d 97, 99, 113, 470 N.E.2d 189.   (10th Dist.1983).   An action for a creditor's bill "is a

device which permits a judgment-creditor to reach a debtor's equitable assets which, for reasons of uncertainties respecting title or valuation, cannot be effectively subjected under the ordinary legal process of execution by way of judgment liens, attachment or garnishment." *In re Weiner*, 276 B.R. 810 (Bankr.N.D.Ohio 2001).

{¶ 25} We have noted that R.C. 2117.10, being less broad than its predecessor in General Code Section 10509-123, does not apply to equitable liens. *Kuhnle v. Rusmisel*, 113 Ohio App. 389, 391, 178 N.E.2d 810 (2d Dist.1960). We conclude that the trial court was correct in holding that the exception in R.C. 2117.10 to the six-month presentment rule in R.C. 2117.06(B) is not applicable to this case.

{¶ 26} First Union argues that its creditor's bill "constitutes, from the date of filing, a lien upon Mr. Wertz's assets[,] * * * [and] as such, the trial court should not have summarily dismissed Noteholder's creditor's bill claim."

{¶ 27} First Union did not raise any objection or response to Pillar's and Health's motion for summary judgment on this claim. The trial court found that First Union, through its creditor's lien, is attempting to "attach Mr. Wertz's equitable interest in Pillar and Health." The trial court found that because the claim had not been timely presented to Wertz's estate, the creditor's bill provided no relief.

{¶ 28} We agree that First Union failed to preserve its creditor's bill lien action by failing to timely substitute the estate, which would be the real party in interest following Wertz's death. Thus we find no error in the trial court's decision to render summary judgment for the remaining defendants on the creditor's bill claim.

{¶ 29} First Union's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 30}   Both of First Union's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Michael P. Shuster
Tami Hart Kirby
Brandon C. Hedrick
Sylvius H. Von Saucken
Dean Hines
Hon. Michael Tucker