YOUNG et al., Appellants,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. et al., Appellees.

[Cite as *Young v. Merrill Lynch, Pierce, Fenner*
*& Smith, Inc.* (1993), 88 Ohio App.3d 12.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62152.

Decided April 19, 1993.

*Weiner & Suite Co., L.P.A.,* and *Peter Lawson Jones,* for appellants.

*Ziegler, Metzger & Miller* and *Stephen M. Bales,* for appellees.

*Sander Schwartz,* for appellee Donna Blum.

---

PATTON, Presiding Judge.

Plaintiffs-appellants Cornelius Young, Sr. ("Cornelius") and his stepdaughter Gwendolyn Brown ("Brown") (collectively "appellants") appeal from the adverse rulings below. Appellants challenge the trial court's denial of appellants' untimely motion for substitution of a third plaintiff, now deceased, Young's wife, Louise Young ("decedent"). Appellants also challenge the trial court's grant of a partial motion for summary judgment by defendants-appellees, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and Bruce Bell ("Bell") (collectively "appellees"). Also challenged is the trial court's dismissal of count two of appellants' two-count complaint against another codefendant-appellee, Donna Blum ("Blum"). Both Blum and Bell were employees of Merrill Lynch at the

time in question. The granting of Bell's motion for partial summary judgment before trial removed him as a party.

The case proceeded to trial and appellees' motion for a directed verdict was granted at the close of appellants' case. Appellants also challenge the trial court's grant of the directed verdict.

The facts are as follows:

Cornelius and Louise Young, a retired couple, wished to invest a sum of money in a low-risk investment program.[1] The Youngs met with Donna Blum of Merrill Lynch to discuss options for investing approximately $12,000. The initial meeting occurred during August 1987, and both Cornelius and Louise were present. The money was invested during August 1987 in the Merrill Lynch Federal Securities Trust ("Merrill Lynch fund"). However, Cornelius testified at trial that he and Louise had intended that the money be invested in the Government National Mortgage Association fund. ("GNMA fund").

Because of the sudden and unexpected loss of money a few months after their investment, the couple immediately sold their shares in the Merrill Lynch fund and took a loss of approximately $1,300.

The gravamen of appellants' first count is the loss of $1,300 as the alleged result of Blum's investing their money in the Merrill Lynch fund. Appellants contend that their explicit request was to invest in the GNMA fund. Appellants couched this cause of action in terms of breach of an investment agreement and negligence.

Count two of the complaint alleged that Blum and Bell, both of Merrill Lynch, negligently invested decedent's money in a high-risk variable life insurance policy instead of the requested low-risk policy. Decedent's money in the sum of $50,000 was used to purchase a Monarch Life Insurance policy. This policy had a variable rate of return. The policy insured the life of decedent's daughter, and Cornelius's stepdaughter, Gwendolyn Brown. Apparently, after the issuance of the policy in September 1987 and the subsequent stock market crash in October 1987, decedent surrendered the policy in January 1988 for its then-existing cash value and suffered a loss of approximately $11,000.

Count two was the subject of appellees' motion for partial summary judgment that was granted by the trial court. The motion successfully argued that Brown lacked standing to sue under the Monarch Life Insurance policy. Appellees

---

1. Louise Young died during the pendency of this action. Merrill Lynch filed a suggestion of death. Appellants' counsel filed a motion for substitution of parties, which was denied as being untimely and had the effect of dismissing Louise Young from the action. This ruling by the trial court was an abuse of discretion and is addressed in appellants' first assignment of error.

contended that Brown did not have a property interest in the policy and therefore could not sue under it.

Appellants assign four errors for our review:

I.   "The court commited [*sic*] an abuse of discretion in denying appellants' motion for leave to file motion for substitution instanter.

II.   "The court's granting of the motion for partial summary judgment of appellees Merrill, Lynch, Pierce, Fenner & Smith, Inc. and Bruce Bell was contrary to law and not supported by the evidence.

III.   "The court's granting of the motion for partial summary judgment of appellee Donna Bloom [*sic*] was contrary to law and not supported by the evidence.

IV.   "The court's granting of the motion for a directed verdict of appellees Merrill, Lynch, Pierce, Fenner & Smith, Inc. and Donna Bloom [*sic*] was contrary to law and not supported by the evidence."

## I

Appellants argue that the trial court abused its discretion in denying their untimely motion for substitution.   Specifically, they contend that the thirty-seven-day delay in filing the motion for substitution was the result of excusable neglect, to wit, appellants' counsel had pressing personal matters, which were detailed to the trial court.

Civ.R. 25(A)(1) reads as follows:

"(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties.   * * * Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

Civ.R. 6(B) states as follows:

"Time: extension.   When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under

Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them."

Hence, the ninety-day period of time provided in Civ.R. 25(A)(1) may be extended after its expiration upon a showing of excusable neglect. *Markan v. Sawchyn* (1987), 36 Ohio App.3d 136, 521 N.E.2d 824. Whether a party has demonstrated excusable neglect is within the discretion of the trial court and is to be decided upon the facts of each individual case. *Id.*

In this case, we find that the trial court abused its discretion in denying appellants' motion for substitution. We favor the policy of deciding cases on their merits and a motion for substitution filed shortly after the time provided for by the Civil Rules, under the facts of this case, should have been allowed.

Accordingly, the first assignment of error is well taken.

## II and III

Appellants argue in their second and third assignments of error that the trial court erred in granting appellees' motion for partial summary judgment and appellee Blum's motion for dismissal of count two of appellants' complaint prior to the start of trial. The granting of the motions had the effect of dismissing count two entirely and leaving only Cornelius as the plaintiff and Blum and Merrill Lynch as the remaining defendants. Specifically, appellants argue that Brown indeed had standing to sue because the investment was for the benefit of Brown so that she could travel. Brown was the individual whose life was insured by the policy.

Civ.R. 17(A) states as follows:

"(A) Real party in interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * * "

The proper test to determine who is the real party in interest is: "Who would be entitled to damages?" *Nuco Plastics, Inc. v. Universal Plastics, Inc.* (1991), 76 Ohio App.3d 137, 143, 601 N.E.2d 152, 156, citing *Lyons v. Chapman* (1931), 40 Ohio App. 1, 6, 178 N.E. 24, 26.

As a result of our disposition of appellants' first assignment of error, the estate of Louise is indeed a party to the action. This fact, together with the fact that this action sounded in negligence and not in contract, compels our conclusion that the issue of Bell's negligence in investing in the Monarch Life Insurance policy

should properly have been left to a jury. We cannot presuppose the lack of negligence on the part of Bell and Merrill Lynch under the facts of this case.

Utilizing the test for a real party in interest, "Who would be entitled to damages?", the answer would indeed be Brown, the beneficiary, as well as Louise, the owner of the policy. Clearly, this question is one for the factfinder and the trial court erred in removing the issue from the jury by granting partial summary judgment.

Accordingly, the second and third assignments of error are well taken.

## IV

■ Appellants argue in the fourth assignment of error that the trial court erred in directing a verdict in appellees' favor at the close of appellants' evidence. Specifically, they contend that sufficient evidence was indeed adduced that Blum and Merrill Lynch lost money due to appellees' negligence in erroneously investing in the Merrill Lynch fund as opposed to the GNMA fund.

We agree. There was indeed sufficient evidence produced at trial indicating that appellants had specifically requested Blum to invest in only the GNMA fund. At the very least, the issue should not have been taken out of the hands of the jury.

Civ.R. 50(A)(4) reads:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The Ohio Supreme Court in *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935, stated as follows:

"When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence. * * *" *Id.* at 68, 23 O.O.3d at 116, 430 N.E.2d at 938.

Therefore, when hearing a motion to direct a verdict, a court must only determine whether the nonmoving party has presented sufficient evidence to allow the jury to have a case. Inferences and conclusions from such evidence are

left for the trier of fact, thereby requiring the court merely to decide the materiality of evidence in connection with the question of law presented.

Whether or not appellants abandoned a cause of action for breach of an investment agreement, the remaining claim sounded in negligence. Appellant Cornelius demonstrated a cognizable negligence claim regarding the investment of the $12,000, and the jury should have been permitted to draw its own inferences and reach its own conclusions.

The testimony at trial established that Cornelius was present at the initial meeting with Blum and decedent when the parties discussed investment and decided that their hard-earned money, accumulated over their lifetime, was to be invested in the GNMA fund. The money instead was invested in the Merrill Lynch fund. The negligence cause of action should have been allowed to proceed to the jury.

Accordingly, the fourth assignment of error is well taken.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY and NUGENT, JJ., concur.