JOHNSON et al., Appellants,

v.

ALLEN et al., Appellees.

[Cite as *Johnson v. Allen* (1995), 101 Ohio App.3d 181.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67673.

Decided Feb. 13, 1995.

*Thomas P. Aldrich III,* for appellants.

*Bruce H. Illes,* for appellees.

*Per Curiam.*

Plaintiffs-appellants, Rose Johnson ("appellant") and Charlotte M. Wilson, a minor, bring this accelerated appeal from the decision of the trial court granting the motion to dismiss and/or for summary judgment filed by the defendants-appellees, Samuel L. Allen, Jr. and Nora O'Banner.

Appellant is the mother of Vire N. Wilson, deceased, and the maternal grandmother of Charlotte Wilson and Samuel Allen. Vire Wilson died testate on February 3, 1990, leaving her estate to be divided equally between her two children, Samuel Allen and Charlotte Wilson. Allen was named and subsequently appointed executor of the estate of Vire Wilson, and Nora O'Banner, Vire Wilson's cousin, was appointed guardian of Charlotte Wilson following a contested hearing in which both appellant and O'Banner sought appointment of guardianship.

Appellant's first cause of action identified in her complaint alleges that Allen fraudulently converted estate assets owed Charlotte Wilson, including monies in estate accounts, Social Security funds and retirement funds. Appellant's second cause of action alleges that O'Banner failed in her responsibility as guardian to assure that Charlotte would receive her fair share of her mother's estate.

Appellees responded by moving the trial court to dismiss the complaint pursuant to Civ.R. 12(B)(1) and, in the alternative, for summary judgment. Appellees' motion to dismiss was based on the trial court's lack of subject matter jurisdiction in which, it was argued, the probate court had exclusive jurisdiction to hear the subject in dispute. In the alternative, appellees moved for summary judgment on the grounds that appellant's complaint is barred by the doctrine of *res judicata* and that appellant lacks standing to prosecute this action.

Attached to appellees' motion to dismiss was a complaint for concealment of assets brought by appellant against Allen, a referee's report recommending that the complaint for concealment of assets be dismissed, as appellant lacked standing, and two judgment entries, one appointing O'Banner as guardian of Charlotte Wilson and the second denying appellant's second application for appointment of guardian of Charlotte Wilson.

This court affirmed the probate court's appointment of O'Banner as guardian of Charlotte Wilson, see *In re Wilson* (July 21, 1994), Cuyahoga App. No. 66897, unreported, 1994 WL 386000, and appellant's appeal from the probate court's dismissal of her complaint for concealment of assets is pending.

The trial court granted appellees' motion to dismiss pursuant to Civ.R. 12(B)(1), finding that the probate court had exclusive jurisdiction over the subject matter of the complaint. The trial court further concluded that Charlotte Wilson, a minor, lacks capacity to bring forth the action on her own and that appellant is subject to the effects of *res judicata* from the previous rulings of the probate court finding that she is neither an heir of the subject estate nor the guardian of the heir and, thus, lacks standing to bring the present action.

Appellant timely appeals, raising the following assignments of error for our review:

"I. The trial court erred in dismissing the case based upon *res judicata* when the causes of action were not the same as those in the other actions.

"II. The trial court erred in dismissing the case based upon *res judicata* when the parties were not the same as those in other actions.

"III. The trial court erred in stating that Rose Johnson had no standing with regard to her granddaughter, Charlotte Wilson."

In appellant's first and second assignments of error, appellant argues that the trial court erred in dismissing her complaint on the basis of *res judicata.* Appellant's third assignment of error contests the trial court's finding that she lacks standing to bring the present action. Appellant, however, fails to address the trial court's primary basis for dismissing her complaint. In its opinion, the trial court correctly ruled that the probate court has exclusive jurisdiction over the subject matter in the instant complaint.

R.C. 2101.24 provides in part:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

" * * *

"(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

"(d) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;

" * * *

"(1) To direct and control the conduct of fiduciaries and settle their accounts;

" * * *

"(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

In *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, unreported, 1994 WL 173544, this court held that R.C. 2101.24 conferred exclusive subject matter jurisdiction over an action brought by the sole legatee of a decedent's will against the coexecutors of the decedent's estate, the coguardians of the decedent prior to her death and a surety on a bond posted to ensure the coguardians' performance. The action was brought in the common pleas court, general division, and sought damages against the defendants for breach of fiduciary duties. The common pleas court dismissed the complaint pursuant to Civ.R. 12(B)(1). This court affirmed and held:

"[T]he common pleas court did not err in finding that the within action for breach of fiduciary duty brought by a legatee of the decedent's estate against the

co-guardians, co-executors and the surety on a bond posted by the co-guardians was not within its jurisdiction and was within the exclusive jurisdiction of the probate court. As discussed, the probate court has exclusive jurisdiction and plenary power at law and in equity to fully dispose of all claims against the co-guardians pursuant to R.C. 2101.24(A)(1)(d) and (1) and 2101.24(C), the co-executors pursuant to R.C. 2101.24(A)(1)(b), (c) and (1) and 2101.24(C), and against the surety on the bond posted by the co-guardians pursuant to R.C. 2101.24(A)(1)(s) and 2101.24(C). An action seeking monetary damages is within the probate court's plenary power at law and clearly affects the court's direction and control of the fiduciaries' conduct and affects the court's settlement of the fiduciaries' accounts. It must be remembered that the probate court's plenary power at law authorizes the probate court to exercise complete jurisdiction over the subject matter to the fullest extent required in a given case."

Likewise, in the present case, we conclude that the common pleas court did not err in finding that the within action for conversion of estate assets brought against the executor of Vire Wilson's estate and breach of fiduciary duties brought against the guardian of Charlotte Wilson's person was within the exclusive jurisdiction of the probate court pursuant to R.C. 2101.24(A)(1)(c), (d), (1) and (C). Thus, the trial court did not err in dismissing appellant's complaint.

■ Moreover, we conclude the trial court did not err in ruling that appellant does not have standing to bring the within action. Civ.R. 17(A); *State ex rel. Dallman v. Court of Common Pleas* (1973), 35 Ohio St.2d 176, 64 O.O.2d 103, 298 N.E.2d 515; *Young v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1993), 88 Ohio App.3d 12, 623 N.E.2d 94. It remains undisputed that appellant Rose Johnson has no interest in the subject matter and would not be entitled to damages if the suit were successful. *Id.* Moreover, appellant is not the guardian of Charlotte Wilson and has no beneficial interest in the estate. Finally, as a minor, Charlotte Wilson lacks capacity to sue on her own behalf. Civ.R. 17(B).

■ Finally, we believe the trial court was correct in holding that appellant is subject to the effects of *res judicata* from the previous rulings of the probate court finding that she is neither an heir of the subject estate nor the guardian of the heir and, thus, lacks standing to bring the present action. *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 558 N.E.2d 1178; *Johnson's Island v. Bd. of Twp. Trustees* (1982), 69 Ohio St.2d 241, 23 O.O.3d 243, 431 N.E.2d 672; *Joe Horisk's Salvage Pool Sys. of Ohio v. Strongsville* (1993), 91 Ohio App.3d 121, 631 N.E.2d 1097.

Based upon the foregoing, appellant's three assignments of error are overruled.

*Judgment affirmed.*

PATTON, P.J., JAMES D. SWEENEY and NUGENT, JJ., concur.