OPINION
{¶ 1} Plaintiff-appellant Jeremiah Brumfield appeals from the October 6, 2003, Entry of the Guernsey County Court of Common Pleas granting summary judgment in favor of defendants-appellees Bradley Eberly and JA Eberly Trucking.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Jeremiah Brumfield is a resident of the District of Columbia. On September 24, 2000, while in the course and scope of his employment with Greyhound Lines, Inc., appellant was driving a bus from Washington, D.C. to Columbus, Ohio. While he was driving through Guernsey County, Ohio, another Greyhound bus was traveling with appellant in the same direction.
 {¶ 3} After the bus accompanying appellant began emitting a large amount of smoke, both buses pulled off of the road in Guernsey County. Appellant's bus was rear-ended by a semi-tractor trailer being driven by appellee Bradley Eberly, who was in the course and scope of his employment with appellee JA Eberly Trucking, Inc. Appellant filed a complaint for workers' compensation benefits in the District of Columbia and received $3,706.44 in temporary total disability benefits in March of 2001.[1]
 {¶ 4} On September 20, 2002, appellant filed a complaint against appellees in the Guernsey County Court of Common Pleas, alleging that appellee Bradley Eberly's negligence resulted in injury to appellant. Appellees subsequently filed a third party complaint against Greyhound Lines, Inc., alleging that the driver of the Greyhound bus traveling ahead of appellant's bus was at least partially responsible for appellant's injuries. On August 21, 2003, the trial court granted Greyhound's Motion for Summary Judgment[2] and dismissed it from the case.
 {¶ 5} Thereafter, appellees filed a Motion for Summary Judgment, arguing that appellant, at the time the complaint was filed in this matter, was not the real party in interest with respect to the personal injury claims asserted in his complaint. Pursuant to an Entry filed on October 6, 2003, the trial court granted appellees' Motion for Summary Judgment.
 {¶ 6} It is from the trial court's October 6, 2002, Entry that appellant now appeals, raising the following assignment of error:
 {¶ 7} "The court erred when it found that the defendant-appellees met their burden of proof and granted the defendants-appellees' motion for summary judgment."
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal.
 {¶ 10} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the courts decision as to each error to be in brief and conclusionary form.
 {¶ 11} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 13} Appellant, in his sole assignment of error, argues that the trial court erred in granting appellees' Motion for Summary Judgment. We agree.
 {¶ 14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 {¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 17} At issue in the case sub judice is whether appellant is the real party in interest. Appellees argue that appellant is not the real party in interest since, under District of Columbia Code Section 32-1535 (formerly 36-335)[3], once an employee, such as appellant, accepts workers' compensation benefits, such acceptance operates as an assignment to the employer of all rights of such person to recover damages against a third person unless such person commences an action against the third person within six months after the award of compensation. Appellees contend that, pursuant to such section, Greyhound Lines, Inc. is the sole real party in interest since appellant did not commence an action against appellees within such time. Thus, the initial issue becomes whether Ohio law or District of Columbia law applies.
 {¶ 18} When determining a choice of law question, it is presumed that the law of the place of injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Morgan v. Biro Mfg. Co. (1984), 15 Ohio St.3d 339,474 N.E.2d 286. A trial court determines choice of law based on the following factors: (1) the place of injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under the Restatement of Law 2d, Conflict of Laws 10, Section 6, which the court deems relevant to the litigation. Id. at 342. Each factor is to be evaluated according to its relative importance to the case. Id. Section 6 of 1 Restatement of the Law 2d, Conflict of Laws 10, as quoted by Morgan, provides as follows:
 {¶ 19} "(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
 {¶ 20} "(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
 {¶ 21} "(a) the needs of the interstate and international systems,
 {¶ 22} "(b) the relevant policies of the forum,
 {¶ 23} "(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
 {¶ 24} "(d) the protection of justified expectations,
 {¶ 25} "(e) the basic policies underlying the particular field of law,
 {¶ 26} "(f) certainty, predictability and uniformity of result, and
 {¶ 27} "(g) ease in the determination and application of law to be applied."
 {¶ 28} In the case sub judice, the accident occurred in Ohio, appellee Bradley Eberly was a resident of Ohio and Ohio was the place where the conduct causing the injury occurred. In addition, any relationship between the parties arose out of the automobile accident that occurred in Ohio. Moreover, an out-of-state driver, driving through Ohio, would, as appellant notes, expect to have Ohio laws applied in his or her case. In short, we find that Ohio has the most significant relationship to the lawsuit and that Ohio law applies.[4]
 {¶ 29} Thus, we must look to Ohio law to determine whether appellant is the real party in interest. Ohio Civ.R. 17(A) states as follows: "Every action shall be prosecuted in the name of the real party in interest . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
 {¶ 30} The test for determining who is a real party in interest is: "Who would be entitled to damages?" Young v.Merrill, Lynch, Pierce, Fenner Smith, Inc. (1993),88 Ohio App.3d 12, 16, 623 N.E.2d 94.
 {¶ 31} While appellees cite to District of Columbia Code Section 32-1535 for the proposition that Greyhound Lines, Inc., rather than appellant, is the real party in interest, we note that, as is stated above, Ohio law, rather than the law of the District of Columbia, applies. Under Ohio personal injury law, appellant is the real party in interest since he would be entitled to damages. We find, therefore, that the trial court erred in granting appellees' Motion for Summary Judgment.
 {¶ 32} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 33} Accordingly, the judgment of the Guernsey County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
[1] The benefits covered the period from December 28, 2000, to February 26, 2001.
[2] Greyhound, in its motion, had argued that it was entitled to the immunity of an employer under Ohio's Workers' Compensation system.
[3] Such section states, in relevant part, as follows:
"(a) If, on account of a disability or death for which compensation is payable under this chapter, the person entitled to such compensation determines that some person other than those enumerated in § 32-1504(b) is liable for damages, he need not elect whether to receive such compensation or to recover damages against such third person.
"(b) Acceptance of such compensation under an award in acompensation order filed with the Mayor shall operate as anassignment to the employer of all rights of the person entitledto compensation to recover damages against such third personunless such person shall commence an action against such thirdperson within 6 months after such award.
"(c) A payment made pursuant to §§ 32-1509 and 32-1540(d)(1) shall operate as an assignment to the employer of all rights of the legal representative of the deceased (hereinafter referred to as "representative") to recover damages against such third person.
"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding." (Emphasis added).
[4] We note that appellees do not dispute that Ohio law applies.