[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lycan v. Cleveland,* Slip Opinion No. 2016-Ohio-422.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-422

LYCAN ET AL., APPELLEES, *v.* THE CITY OF CLEVELAND, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lycan v. Cleveland,* Slip Opinion No. 2016-Ohio-422.]

*Appellate review—Final, appealable order—Res judicata—Automated traffic cameras—Preclusion effect of administrative process.*

(No. 2014-0358—Submitted March 11, 2015—Decided February 9, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 99698, 2014-Ohio-203.

_____

FRENCH, J.

{¶ 1} This interlocutory appeal arises in a class action challenging the city of Cleveland's collection of fines for traffic violations captured by its automated cameras.  Defendant-appellant, the city of Cleveland, appeals the decision of the Eighth District Court of Appeals, which affirmed the trial court's class-certification order and the appointment of plaintiffs-appellees, Janine Lycan, Thomas Pavlish, Jeanne Task, Lindsey Charna, Ken Fogle, and John T. Murphy,

as named plaintiffs. Because Cleveland has raised no arguments regarding class certification here, we affirm the Eighth District's judgment in that respect.

{¶ 2} Cleveland also appeals the Eighth District's ruling, based on the doctrine of res judicata, that appellees' failure to appeal their traffic violations through Cleveland's administrative process did not bar them from pursuing equitable and declaratory relief in the trial court. We hold, however, that the Eighth District erred in addressing res judicata because the trial court did not decide that question in its class-certification order. In the absence of a final, appealable order from the trial court addressing res judicata, the Eighth District improperly ruled on that issue in the first instance. We therefore vacate in part the judgment of the Eighth District regarding the preclusive effect of Cleveland's administrative process, and we remand this matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

### *Overview of Cleveland's use of automated traffic cameras*

{¶ 3} Cleveland Codified Ordinances ("CCO") 413.031 authorizes the use of automated traffic cameras in Cleveland to photograph red-light and speeding violations. The automated-camera system generates a ticket that is reviewed by a Cleveland police officer and then sent by first-class mail or personal service to the vehicle's owner. CCO 413.031(h).

{¶ 4} The ordinance imposes a $100 fine for red-light violations, a $100 fine for speeding violations up to 24 miles per hour over the speed limit, a $200 fine for speeding violations 25 miles per hour or more over the speed limit, and a $200 fine for any speed violation in a school or construction zone. CCO 413.031(o). These civil fines do not constitute criminal penalties and do not result in the assessment of driver-suspension points. CCO 413.031(i).

{¶ 5} The recipient of a notice of liability must either pay the fine within 20 days from the date of the ticket's mailing, CCO 413.031(o), or file a notice of

appeal and request an administrative hearing within 21 days from the date listed on the ticket, CCO 413.031(k). The ordinance provides: "The failure to give notice of appeal or pay the civil penalty within this time period shall constitute a waiver of the right to contest the ticket and shall be considered an admission." *Id.* The city assesses late penalties if the fine is not paid within 20 days. CCO 413.031(o).

**{¶ 6}** The ordinance imposes liability on the "owner of a vehicle" committing a red-light or speeding offense. CCO 413.031(b) and (c). The ordinance formerly defined "vehicle owner" as "the person or entity identified by the Ohio Bureau of Motor Vehicles, or registered with any other State vehicle registration office, as the registered owner of a vehicle." Cleveland Ordinance No. 1284-05 (July 20, 2005). In *Dickson & Campbell, L.L.C. v. Cleveland*, 181 Ohio App.3d 238, 2009-Ohio-738, 908 N.E.2d 964, ¶ 50 (8th Dist.), the Eighth District concluded, based on the plain meaning of "vehicle owner," that former CCO 413.031 did not impose liability on vehicle lessees. Cleveland subsequently amended CCO 413.031, effective March 11, 2009. The ordinance now states that a "vehicle owner" includes the "lessee" of a leased or rented vehicle. CCO 413.031(p)(4).

### *Plaintiffs' class-action lawsuit*

**{¶ 7}** After the *Dickson & Campbell* decision was announced, Lycan filed a class-action complaint on February 26, 2009, in Cuyahoga County Court of Common Pleas challenging Cleveland's imposition of fines against vehicle lessees under former CCO 413.031. An amended class-action complaint, filed on May 28, 2009, added Pavlish, Task, Charna, Fogle, and Murphy as named plaintiffs. The amended complaint alleged that each of the plaintiffs received a notice of liability from Cleveland stating that an automated traffic camera had identified the vehicle described and pictured in the notice as the vehicle being driven during the commission of a red-light or speeding offense. Plaintiffs

alleged that they had leased the vehicles identified in the notices of liability but were never the vehicles' registered owners.

{¶ 8} Instead of filing a notice of appeal and requesting a hearing to challenge their tickets, Lycan, Pavlish, Charna, and Fogle paid the $100 fine. Murphy received five notices of liability and paid a reduced amount for one ticket; Cleveland agreed to accept this as payment in full for all five tickets. Task received notices of liability for two separate speeding violations. Task did not pay the fines for either ticket and subsequently received a demand for payment of $320 in fines and penalties.

{¶ 9} In their complaint, plaintiffs contended that Cleveland had no authority under the former version of CCO 413.031 to collect fines from plaintiffs as vehicle lessees. As relief, plaintiffs sought the following: (1) disgorgement, under an unjust-enrichment theory, of fines paid to the city, (2) an injunction preventing Cleveland from enforcing the ordinance against vehicle lessees, and (3) declaratory relief. Plaintiffs also filed a motion for class certification.

{¶ 10} On November 24, 2009, the trial court granted Cleveland's motion for judgment on the pleadings, finding that plaintiffs had waived the right to pursue judicial remedies by paying their fines and failing to appeal their citations as permitted by CCO 413.0319(k). In the same order, the trial court denied plaintiffs' class-certification motion.

### Plaintiffs' appeal to the Eighth District ("Lycan I")

{¶ 11} Plaintiffs appealed to the Eighth District Court of Appeals. The appeals court affirmed the trial court's judgment dismissing plaintiffs' claim for injunctive relief, finding that an injunction would serve no purpose because the offending ordinance has since been repealed. *Lycan v. Cleveland*, 8th Dist. Cuyahoga No. 94353, 2010-Ohio-6021, ¶ 9 ("*Lycan I*"). But the appeals court reversed the trial court's dismissal of plaintiffs' claims for restitution and declaratory relief. *Id*. at ¶ 8, 10. The court found that plaintiffs' failure to

4

challenge the fines before payment did not necessarily foreclose plaintiffs from proving a set of facts where it would be unjust for Cleveland to retain the paid fines. *Id*. at ¶ 8. The appeals court also reversed the denial of plaintiffs' class-certification motion and remanded for further proceedings on that question. *Id.* at ¶ 11.

{¶ 12} This court declined jurisdiction over Cleveland's discretionary appeal. 128 Ohio St.3d 1501, 2011-Ohio-2420, 947 N.E.2d 683.

### Remand to the trial court

{¶ 13} On remand, and after completion of discovery, the trial court addressed the parties' competing motions for summary judgment on plaintiffs' unjust-enrichment claim. In support of its motion, Cleveland argued that the administrative process provided an adequate remedy to those receiving civil notices of liability and that the doctrine of res judicata therefore precluded review of the class's unjust-enrichment claim. More specifically, Cleveland argued that its notices of liability, combined with the opportunity to participate in the administrative-appeals process, constituted quasi-judicial administrative proceedings from which the preclusive effect of res judicata arose.

{¶ 14} In an order dated February 8, 2013, the trial court granted partial summary judgment for plaintiffs. The court's entry consisted of two lines. The first line stated that plaintiffs' "[motion] for partial summary judgment * * * filed 7/25/2012, is granted." The second line of the order set a hearing date on plaintiffs' motion for class certification and appointment of class counsel. The order contained no other findings of law or fact. Cleveland did not seek interlocutory review of this order by or before the March 11, 2013 appeal deadline. *See* Ohio App.R. 4(A) (providing that a notice of appeal must be filed within 30 days of a judgment entry).

{¶ 15} The trial court held a class-certification hearing on February 19, 2013. Cleveland did not assert res judicata in its memorandum opposing class

certification or at the class-certification hearing. On February 26, 2013, the court granted class certification and found that plaintiffs met the seven requirements of Civ.R. 23. The court certified the following class: "All persons and entities who were not a 'vehicle owner' under CCO 413.031, but were issued a notice of citation and/or [assessed] a fine under that ordinance, prior to [M]arch 11, 2009, by/or on behalf of Defendant, City of Cleveland." The class-certification order contains no discussion of res judicata.

### *Cleveland's appeal to the Eighth District ("Lycan II")*

{¶ 16} On March 27, 2013, pursuant to R.C. 2505.02(B)(5), which allows immediate appeal of a class-certification order, Cleveland appealed the February 26, 2013 order to the Eighth District. Cleveland's first assignment of error addressed the February 26, 2013 class-certification order and raised two arguments: that plaintiffs failed to meet the requirements of Civ.R.23 and that res judicata precluded class relief. Cleveland's second assignment of error alluded to the February 8, 2013 partial-summary-judgment order. However, Cleveland did not address the summary-judgment order in its brief.

{¶ 17} From the outset, the court distinguished the two orders and noted that the February 8, 2013 partial summary judgment was "not yet appealable" and was "not addressed in the substance of [Cleveland]'s brief." *Lycan v. Cleveland*, 8th Dist. Cuyahoga No. 99698, 2014-Ohio-203, 6 N.E.3d 91, ¶ 12 ("*Lycan II*"). The court therefore limited its review to the class-certification order: "the issues raised on appeal pertain to whether the Civ.R. 23(A) class action requirements were met and whether the action is barred by res judicata." *Id*.

{¶ 18} The court began with the latter question and considered whether plaintiffs' failure to appeal their traffic citations through Cleveland's administrative procedure precluded their class action. The doctrine of res judicata, as the court noted, provides that " 'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the

transaction or occurrence that was the subject matter of the previous action.' " *Id.* at ¶ 15, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. The court concluded that plaintiffs' failure to pursue administrative relief did not bar plaintiffs' class action "because there was never an actual 'judgment' rendered by a court, or administrative tribunal, of competent jurisdiction." *Id.* Moreover, the court noted, even if an administrative decision had been rendered, Cleveland's parking-violations bureau could not have decided plaintiffs' claims for unjust enrichment and declaratory judgment. *Id.* The court declined to follow the "expansive view of res judicata" set forth in *Carroll v. Cleveland*, 522 Fed.Appx. 299 (6th Cir.2013), and *Foor v. Cleveland*, N.D.Ohio No. 1:12 cv 1754, 2013 WL 4427432 (Aug. 15, 2013). *Id.* at ¶ 14. The court concluded that "fairness and justice would not support the application of res judicata in this case." *Id.* at ¶ 19. The court then proceeded to address Cleveland's challenge to class certification. The court concluded that the class met all requirements under Civ.R. 23 and affirmed the trial court's class-certification order.

## QUESTION PRESENTED

{¶ 19} We accepted the following proposition of law:

Cleveland Codified Ordinance 413.031 provides an adequate remedy in the ordinary course of law to those receiving civil notices of liability by way of the administrative proceedings set forth in the ordinance. *State ex rel. Scott v. Cleveland*[,] 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923. Individuals who receive a civil citation issued pursuant to a local ordinance and who knowingly decline to take advantage of an available adequate remedy at law are precluded by res judicata from subsequently acting as class representatives and presenting

equitable claims predicated in unjust enrichment. *Accord Carroll v. Cleveland*, 522 Fed.Appx. 299 (6th Cir. Ohio 2013).

*See* 139 Ohio St.3d 1416, 2014-Ohio-2487, 10 N.E.3d 737.

{¶ 20} In this court, Cleveland does not challenge the Eighth District's conclusions regarding whether the proposed class met the requirements of Civ.R. 23. Instead, Cleveland argues only that plaintiffs cannot proceed with their class action because they did not take advantage of the administrative process and that therefore, the doctrine of res judicata bars them from relitigating their waived challenges to the traffic citations. Before reaching that argument, however, we must determine whether it is appropriate for us to consider res judicata in Cleveland's interlocutory appeal of a class-certification order that never addressed that issue. On September 16, 2015, we ordered supplemental briefing for the parties to argue whether a final, appealable order exists in which the trial court ruled on the res judicata question raised in Cleveland's proposition of law. Upon consideration of the parties' briefs and the record below, we conclude that there is not such an order. In the absence of a final, appealable order from the trial court addressing that issue, we will not address Cleveland's res judicata argument in the first instance.

## ANALYSIS

{¶ 21} We begin with two well-settled principles governing the scope of appellate review. First, under Article IV, Section 3(B)(2) of the Ohio Constitution, appellate courts have jurisdiction to "review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." In the absence of a final order, an appellate court has no jurisdiction. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28; *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow,* 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. An order is a final,

appealable order only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15. Second, an appellate court limits its review to issues actually decided by the trial court in its judgment. *See Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89, 585 N.E.2d 384 (1992) (declining to rule on issue not decided by trial court).

{¶ 22} Applying these two principles, we conclude that the Eighth District improperly ruled on the question of res judicata, because the trial court did not decide that question in a final, appealable order.

{¶ 23} The parties do not dispute that the order that Cleveland appeals here—the trial court's February 26, 2013 class-certification order—is a final, appealable order. *See* R.C. 2505.02(B)(5) ("An order that determines that an action may or may not be maintained as a class action" is a final, appealable order). That order, however, addresses only whether plaintiffs met the seven Civ.R. 23 requirements to maintain a class action. It contains no findings or discussion pertaining to res judicata or the preclusive effect of Cleveland's administrative process. Therefore, it provides no basis for reviewing the res judicata question in this appeal.

{¶ 24} Nor does the trial court's February 8, 2013 entry granting partial summary judgment provide a basis for reviewing the res judicata question. The Eighth District declined to review that ruling because it was "not yet appealable and is not addressed in the substance of [Cleveland's] brief." *Lycan II*, 2014-Ohio-203, 6 N.E.3d 91, at ¶ 12. We agree and note that if the order had been final and appealable on February 8, 2013, then Cleveland's March 27, 2013 appeal to the Eighth District would have been untimely. We therefore decline to address the partial-summary-judgment order in this appeal.

{¶ 25} Nevertheless, Cleveland raises several arguments in an attempt to shoehorn its res judicata defense into its appeal of the February 26, 2013 class-

certification order. First, Cleveland argues that given the proximity of the summary-judgment and class-certification orders, the class-certification order was a tacit rejection of Cleveland's res judicata defense to plaintiffs' motion for partial summary judgment. Nothing in the trial court's class-certification order, however, can be construed as an implicit ruling on Cleveland's res judicata argument. At best, the trial court noted as part of its Civ.R. 23 typicality analysis that "[i]n its Summary Judgment Order, this Court has already ruled that there are no unique defenses to the claims of the named class members." The trial court's two-line summary-judgment order does not contain any such language, let alone a ruling on res judicata. It concludes merely that plaintiffs' "[motion] for partial summary judgment * * * filed 7/25/2012, is granted." Cleveland did not assert that the action was precluded by res judicata in its memorandum opposing class certification or at the class-certification hearing before the trial court on February 19, 2013. Given Cleveland's failure to argue res judicata in those two instances and the trial court's silence on the issue, it would be highly speculative to construe the class-certification order as an implicit ruling on res judicata.

{¶ 26} Next, Cleveland contends that it preserved the res judicata issue on appeal by raising plaintiffs' lack of standing as a defense to class certification. Plaintiffs lack standing to pursue class-action relief, Cleveland argues, because they paid their fines or otherwise waived their administrative appeal and, therefore, have not suffered any cognizable injury. Res judicata and standing are not interchangeable defenses, however. "*Res judicata* raises merit questions that are to be resolved in a merit decision." *Shaper v. Tracy*, 76 Ohio St.3d 241, 242, 667 N.E.2d 368 (1996), citing *Shaper v. Tracy*, 73 Ohio St.3d 1211, 1212, 654 N.E.2d 1268 (1995). Standing, on the other hand, addresses justiciability, *see generally Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 20-21, and "does not depend on the merits of the plaintiff's claim," *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520,

2014-Ohio-2382, 13 N.E.3d 1101, ¶ 7. None of the cases cited by Cleveland support the proposition that we should treat standing and res judicata as doctrinal counterparts. *See, e.g., Johnson v. Allen*, 101 Ohio App.3d 181, 185, 655 N.E.2d 240 (8th Dist.1995) (plaintiff who lacked standing to challenge guardianship appointment in probate court was barred by res judicata from challenging guardianship again in common pleas court). Cleveland's challenge to plaintiffs' standing during the class-action proceedings did not preserve the issue of res judicata on appeal of the class-certification order. And, to the extent that Cleveland raises standing as an independent ground for reversing class certification, we decline to address that issue here because Cleveland did not present a proposition of law to this court concerning standing. *See Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, ¶ 18 (declining to address argument raised by party in merit brief that had not been accepted as proposition of law); *In re Timken Mercy Med. Ctr.*, 61 Ohio St.3d 81, 87, 572 N.E.2d 673 (1991) (same).

{¶ 27} Finally, Cleveland argued below that an appeals court may review res judicata in the first instance as a subject-matter-jurisdiction question related to standing. While a reviewing court may consider a challenge to the court's subject-matter jurisdiction for the first time on appeal, *Jenkins v. Keller*, 6 Ohio St.2d 122, 216 N.E.2d 379 (1966), paragraph five of the syllabus, either at the parties' suggestion or sua sponte, *State ex rel. Bond v. Velotta Co.*, 91 Ohio St.3d 418, 419, 746 N.E.2d 1071 (2001), neither res judicata nor standing implicates subject-matter jurisdiction.

{¶ 28} Cleveland argued that res judicata was a jurisdictional issue in the Eighth District and cited as support *Lingo v. State*, 8th Dist. Cuyahoga No. 97537, 2012-Ohio-2391, *aff'd on other grounds,* 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188. In *Lingo*, the Eighth District used an amalgam of res judicata, standing, mootness, and subject-matter jurisdiction to hold that a class-

certification order was void. The Eighth District appears to have used the framework from *Lingo* in *Lycan II* to review res judicata as a jurisdictional issue in the absence of a final, appealable order. Our precedent, however, does not support Cleveland's argument or the Eighth District's analysis.

{¶ 29} Like Cleveland in this case, the appellant in *Lingo* sought reversal of a class-certification order. Instead of addressing the class certification itself, the appellant argued that the plaintiffs lacked standing and that the trial court lacked subject-matter jurisdiction because res judicata barred the plaintiffs' claims. *Lingo* at ¶ 15. The Eighth District noted the absence of any final, appealable order involving res judicata or standing. *Id*. Nevertheless, the Eighth District erroneously conflated the concepts of res judicata, standing, and subject-matter jurisdiction and addressed these issues as relevant to its review of class certification:

> Jurisdiction is relevant when determining class certification because in order to represent the class, class members must have proper standing. *Hamilton v. Ohio Sav. Bank,* 82 Ohio St.3d 67, 70, 1998-Ohio-365, 694 N.E.2d 442. If the representative member's claims are barred by res judicata, he lacks standing and cannot represent the class. *Sierra Club v. Morton,* 405 U.S. 727, 731-32, 92 S.Ct. 1361, 31 L.Ed. 636 (1972). Individual standing is a threshold to all actions, including class actions. *Id.; see also Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

*Id.* at fn. 3. The Eighth District ultimately found that res judicata barred the plaintiffs' claims and that those claims were moot. *Id*. at ¶ 25. In the absence of a live case or controversy, the Eighth District concluded that the trial court lacked

subject-matter jurisdiction and that any proclamation issued by the trial court, including its class-certification order, was void. *Id.*

{¶ 30} Our precedent does not support the Eighth District's approach. This court has stated that res judicata is an affirmative defense that does not implicate a court's subject-matter jurisdiction. *See State ex rel. LTV Steel Co. v. Gwin,* 64 Ohio St.3d 245, 251, 594 N.E.2d 616 (1992) (assertion of res judicata does not attack an appellate court's jurisdiction); *Shaper*, 76 Ohio St.3d at 242, 667 N.E.2d 368, citing *Shaper*, 73 Ohio St.3d at 1212, 654 N.E.2d 1268 ("*res judicata* raises merit questions" that are improperly asserted in a jurisdictional motion). We have also recently held that a party's "lack of standing does not affect the subject-matter jurisdiction of the court." *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, paragraph three of the syllabus. To the extent that the Eighth District relied on its previous ruling in *Lingo* to address res judicata here in the absence of a final, appealable order, that reliance was misguided.

{¶ 31} Finally, Cleveland did not assert a proposition of law or present any arguments in its briefs challenging the trial court's finding that plaintiffs satisfied the Civ.R. 23 class-action requirements. Cleveland, then, has waived these arguments. Accordingly, without rendering an opinion as to the merits of class certification, we affirm the remaining portions of the Eighth District's judgment with respect to class certification.

## CONCLUSION

{¶ 32} For all these reasons, we affirm in part the Eighth District's judgment and conclude that plaintiffs satisfied the requirements for class certification under Civ.R. 23. We also conclude, however, that the Eighth District erred in deciding that res judicata barred plaintiffs' claims, in the absence of a final, appealable order from the trial court addressing that question. We therefore

vacate the Eighth District's judgment with respect to res judicata, and we remand the cause to the trial court for further proceedings.

Judgment affirmed in part

and vacated in part,

and cause remanded.

PFEIFER, RICE, and O'NEILL, JJ., concur.

O'CONNOR, C.J., dissents without opinion.

LANZINGER and KENNEDY, JJ., dissent.

CYNTHIA W. RICE, Eleventh District Court of Appeals, sitting for O'DONNELL, J.

_____

**KENNEDY, J., dissenting**.

{¶ 33} Respectfully, I dissent. Civ.R. 23 does not require a trial court to recite talismanic words when certifying a class action. Nor is there any case authority imposing such a requirement on the trial court. The trial court is, however, required to "undertake a rigorous analysis" that may include probing the merits of the claim before it certifies a class action. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 44.

{¶ 34} The trial court specifically held in its order certifying the class that "[i]n its Summary Judgment Order, this Court has already ruled that there are no unique defenses to the claims of the named class members." By explicitly referring to the summary-judgment order, the trial court indicated that within its analysis of the issues before certifying the class under Civ.R. 23, it had rejected the city of Cleveland's defenses of res judicata and mistake of law. Moreover, unlike the majority's interpretation, a plain reading of the proposition of law presented in this appeal asserts that res judicata bars individuals who received a civil citation and declined to avail themselves of the civil administrative appeal remedy from serving as representatives for the certified class. Therefore, I would

hold that the Eighth District Court of Appeals did not err in addressing the question of res judicata and that this court should address the substance of this appeal.

{¶ 35} In order for the majority to hold that the trial court did not address the defense of res judicata in its class-certification order and there was no final, appealable order addressing res judicata, it must presume that the trial court did not conduct the rigorous analysis required by law. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551-2552, 180 L.Ed.2d 374 (2011). But a trial judge is presumed to know and follow the law. *See Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).

{¶ 36} Civ.R. 23 governs the certification of a class-action lawsuit. A trial judge must make seven affirmative findings prior to certifying a class action. *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 94, 521 N.E.2d 1091 (1988). One prerequisite set forth in Civ.R. 23(A)(3) is typicality, that is, that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *See generally Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 484, 727 N.E.2d 1265 (2000). Typicality has been found to have been satisfied "where there is no express conflict between the representatives and the class." *Warner* at paragraph four of the syllabus.

{¶ 37} This court has long held that because Civ.R. 23 is identical to the federal class-action rule, "federal authority is an appropriate aid to interpretation of the Ohio rule." *Marks v. C.P. Chem. Co., Inc.,* 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987). In considering the issue of typicality, the Third Circuit Court of Appeals stated, "A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation." *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir.2006). When reviewing a class certification, the trial court should focus on "the similarity of the legal theory and legal claims; the similarity of the

individual circumstances on which those theories and claims are based; and the extent to which the proposed representative may face significant unique or atypical defenses to her claims." *In re Schering Plough Corp. ERISA Litigation*, 589 F.3d 585, 597-598 (3d Cir.2009). Other federal circuit courts have similarly emphasized this concern. *See, e.g., Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir.1990) ("there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it"); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (same); *J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d 994, 999 (7th Cir.1980) ("the presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class * * *. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer"). When certifying this case as a class action, it was appropriate and necessary for the trial court to consider whether the defense of res judicata was unique to the named representatives of the class and whether the defense barred appellees from serving as the representatives for the class.

{¶ 38} The trial court stated that the class to be certified was "[a]ll persons and entities who were not a 'vehicle owner' under CCO 413.031, but were issued a notice of citation and/or [assessed] a fine under that ordinance, prior to March 11, 2009, by/or on behalf of Defendant, City of Cleveland." As defined, the class includes individuals who challenged a ticket under the city's administrative-appeal process. But all the named class representatives had paid their tickets before the class action was filed and did not avail themselves of the administrative-appeal process to challenge the validity of the tickets.

{¶ 39} This distinction between other members of the defined class and the named class representatives calls into question the issue of typicality. Since

16

all the named class representatives failed to avail themselves of the administrative-appeal process and the class as defined might have included members who had appealed, the claims of the named class representatives might have been defeated by the defense of res judicata, while the claims of other members of the class might not have been defeated by that defense.

{¶ 40} When the class was certified, the trial court stated that "[i]n its Summary Judgment Order, this Court has already ruled that there are no unique defenses to the claims of the named class members." By explicitly referring to the summary-judgment order in the order certifying the class action, the trial court indicated that it had considered the defenses raised by the city in response to the motion for partial summary judgment within the analysis of the typicality prerequisite of Civ.R. 23.

{¶ 41} In its November 21, 2012 reply brief in support of its own motion for summary judgment, the city argued that res judicata and mistake of law were defenses to the claims brought by the named class representatives. In granting the motion for partial summary judgment, the trial court issued a one-sentence order. While the order did not contain any findings of fact or conclusions of law, a logical conclusion is that the trial court rejected both of the city's defenses.

{¶ 42} The majority opinion asserts that "it would be highly speculative to construe the class-certification order as an implicit ruling on res judicata" because the city had not argued that the action was precluded by res judicata in either the memorandum opposing class certification or at the class-certification hearing. Majority opinion at ¶ 25. However, the record contradicts the majority's position.

{¶ 43} In its memorandum in opposition to the certification of the class, the city did argue that it was problematic for individuals who had paid their fines without availing themselves of the administrative-appeal process to serve as class representatives. The city argued: "All Plaintiffs, including Lycan, lack standing because each and every one of them admitted the violation by payment and/or not

appealing the violation notice." Although it labeled its argument as a standing argument, it correctly asserted the reasoning that applies to other defenses that destroy typicality. The city cited *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), which analyzed whether the named plaintiffs were members of the class they claimed to represent, for the proposition that the "class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id*. at 403, quoting *Schlesinger v. Reservists Commt. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). This reasoning mimics the same concern courts have had when analyzing whether a defense unique to the named representatives negates typicality. *See In re Schering Plough*, 589 F.3d at 598 (the representatives' interests might not be aligned with those of the class). Implicit in the city's standing argument is that its defense of res judicata prevented the named class representatives from satisfying typicality. "When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue." *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993).

{¶ 44} Moreover, while discussing typicality during the class-certification hearing, counsel for the named class representatives recognized that the trial court's ruling on summary judgment had answered the question whether there were any defenses unique to those representatives: "[T]here's no unique defenses, the claim is the named class and the summary judgment has always [sic] been granted." The majority further concludes the city was required to argue a futile position. Since the trial court's granting of the motion for partial summary judgment was acknowledged in the class-certification hearing, the city was not required to reargue a settled issue.

**{¶ 45}** Finally, the majority opinion asserts that the city did not present a proposition of law challenging the trial court's certification of the class. The only proposition of law presented by the city states:

> Individuals who receive a civil citation issued pursuant to a local ordinance and who knowingly decline to take advantage of an available adequate remedy at law are *precluded by res judicata* from subsequently *acting as class representatives* and presenting equitable claims predicated in unjust enrichment.

(Emphasis added.) *See* 139 Ohio St.3d 1416, 2014-Ohio-2487, 10 N.E.3d 737. The gravamen of the proposition of law revolves around whether the application of the defense of res judicata bars the class representatives from serving the class as certified.

**{¶ 46}** For the foregoing reasons, I would hold that by referring to the summary-judgment order, the certification order rejected the city's defenses of res judicata and mistake of law, because the certification order could be issued only after a rigorous analysis of the prerequisite of typicality. Moreover, the proposition of law presented in this appeal asserts that res judicata bars individuals who received a civil citation and declined to avail themselves of the civil-administrative-appeal remedy from serving as representatives for the certified class. Therefore, I would hold that the Eighth District did not err in addressing the question of res judicata and that this court should address the substance of this appeal.

**{¶ 47}** Accordingly, I respectfully dissent.

LANZINGER, J., concurs in the foregoing opinion.

_____

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Justin D. Care; and The Dickson Firm, L.L.C., and Blake A. Dickson, for appellees.

Barbara A. Langhenry, Cleveland Director of Law, and Gary S. Singletary, Assistant Director of Law, for appellant.

Mayle, Ray & Mayle, L.L.C., Andrew R. Mayle, Jeremiah S. Ray, and Ronald J. Mayle; and Murray & Murray Co., L.P.A., and John T. Murray, urging affirmance for amici curiae Bradley L. Walker and Sam Jodka.

Michael K. Allen & Associates and Joshua Adam Engel; Markovits, Stock & DeMarco, L.L.C., and Paul M. De Marco; and Rittgers & Rittgers and Charles H. Rittgers, urging affirmance for amicus curiae Michael K. Allen.

Frost Brown Todd, L.L.C., Philip K. Hartmann, Stephen J. Smith, and Yazan S. Ashrawi; and Ohio Municipal League and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

Adam W. Loukx, Toledo Director of Law, and Eileen Granata, urging reversal for city of Toledo.

Bricker & Eckler, L.L.P., Quintin F. Lindsmith, James P. Schuck, and Sommer L. Sheely, urging reversal for amicus curiae Redflex Traffic Systems, Inc.

Baker & Hostetler, L.L.P., Gregory V. Mersol, and Chris Bator, urging reversal for amicus curiae Xerox State & Local Solutions, Inc.

Mannion & Gray Co., L.P.A., Judd R. Uhl, and Katherine L. Kennedy, urging reversal for village of Elmwood Place.

_____