[Cite as *State v. Kenney*, 2025-Ohio-5754.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-25-00134

    Appellee                                          Trial Court No. 16 CR  2768

v.

Maurice D. Kenney                          **DECISION AND JUDGMENT**

    Appellant                                         Decided: December 23, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Maurice D. Kenney, Pro se.

* * * * *

**DUHART, J.**

{¶ 1} This is a pro se appeal by appellant, Maurice Kenney, from the May 14,

2025 judgment of the Lucas County Court of Common Pleas denying his motion to

vacate void judgment.  For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} Kenney sets forth four assignments of error:

1. Trial court err[]ors and prosecutorial misconduct deprived defendant-
appellant of his constitutional due process rights to a vacate void judgment
outcome in favor of defendant-appellant[.]

2. The evidence was insufficient as a matter of law to sustain defendant-appellant's conviction[.]

3. Defendant-appellant's legal case suffered from ineffective assistance of counsel[.]

4. Defendant-appellant's legal case suffered from ineffective assistance of appellate counsel[.]

## Background

**{¶ 3}** On September 26, 2016, Kenney was charged in a two-count indictment with Count 1, murder, along with a specification ("spec") that offender displayed, brandished, indicated possession of a firearm, and Count 2, tampering with evidence. Kenney entered not guilty pleas.

**{¶ 4}** On June 20, 2017, a waiver of prosecution by indictment form was signed by Kenney and filed with the trial court. The form set forth that Kenney was charged by information with Count 3, involuntary manslaughter and Count 4, having weapons while under disability. On that same day, Kenney withdrew his previous not guilty pleas and entered guilty pleas, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to Count 2, tampering with evidence, Count 3, involuntary manslaughter with a firearm spec, and Count 4, having weapons while under disability. On July 13, 2017, Kenney was sentenced to a total of 18 years in prison. No appeal was filed.

**{¶ 5}** On January 3, 2019, Kenney filed a notice of appeal with this court, case No. L-19-1001. The next day, Kenney filed a motion for delayed appeal. On February 5, 2019, we denied Kenney's motion and dismissed the appeal.

2.

{¶ 6} On June 21, 2022, Kenney filed a motion for delayed appeal with this court, case No. L-22-1149. On July 20, 2022, we denied Kenney's motion and dismissed the appeal as untimely.

{¶ 7} On March 4, 2025, Kenney filed a motion to vacate void judgment with the trial court in which he sought to have the court remove the prison term to which he was sentenced as to Count 4, having weapons while under disability. Kenney claimed the trial court was without jurisdiction to sentence him for this offense because there was no valid indictment for this offense. The State opposed Kenney's motion arguing that the motion should be treated as a petition for postconviction relief, and denied because it was untimely, failed to satisfy a statutory exception for a delayed filing, did not establish substantive grounds for relief and was barred by the doctrine of res judicata as the claims could have been raised on direct appeal.

{¶ 8} On May 14, 2025, the trial court issued an opinion and judgment entry in which it characterized Kenney's motion as a petition for postconviction relief and denied the petition as failing on the merits, untimely and barred by res judicata. Kenney appealed.

**First Assignment of Error**

{¶ 9} Kenney argues that trial court errors and prosecutorial misconduct deprived him of his constitutional due process rights to have his void judgment vacated. He claims the indictment was defective and he entered a guilty plea pursuant to defective guilty plea bargaining. He asserts the trial court failed to alert him to "the structural error - carrying a concealed weapon [a]fter [his] no-contest plea hearing."

3.

**Law**

**Postconviction Relief**

{¶ 10} A motion to vacate, filed subsequent to the time that a direct appeal was or could be filed, is "properly recast as a petition for postconviction relief." *State v. Parker*, 2019-Ohio-3848, ¶ 17. R.C. 2953.21 permits a petitioner to collaterally attack a judgment of conviction on certain grounds. *Id.* at ¶ 15. "With the exception of an appeal, a petition for postconviction relief is 'the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case.' R.C. 2953.21(K)." *Id.*

{¶ 11} According to R.C. 2953.21(A)(2), except as otherwise provided in R.C. 2953.23, a petition for postconviction relief must be filed within 365 days of the date when the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal.

{¶ 12} R.C. 2953.23(A)(1) provides, in pertinent part, that a trial court may only entertain an untimely petition for postconviction relief when both of the following apply: (a) the petitioner shows he was unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief, and (b) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely . . . postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.

4.

**Scope of Appeal**

{¶ 13} "[A]n appellate court limits its review to issues actually decided by the trial court in its judgment." *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21, citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89 (1992).

**Analysis**

{¶ 14} Kenney's petition for postconviction relief was not timely filed as it was filed years after the time for filing a direct appeal had passed. Therefore, the trial court was deprived of jurisdiction to consider the merits of Kenney's petition unless he could establish that he was unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief, and that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. In an attempt to establish that he was unavoidably prevented from discovering the relevant facts, Kenney argues that the trial court failed to alert him to "the structural error - carrying a concealed weapon [a]fter [his] no-contest plea hearing."

{¶ 15} A review of the record shows that Kenney was neither charged with nor convicted of carrying a concealed weapon, and he entered guilty pleas, not no-contest pleas. Since these issues were not before the trial court and therefore not decided by the trial court, the issues are not properly before us. Thus, we will not address Kenney's arguments which set forth these issues.

{¶ 16} Upon review of Kenney's petition for postconviction relief, we find that he did not demonstrate the relevant jurisdictional requirement, set forth in R.C. 2953.23(A)(1)(a), because he did not argue, let alone show, that he was unavoidably

5.

prevented from discovering facts upon which his petition relies. Hence, we find the trial court properly denied Kenney's untimely and unexcused petition, as the trial court was without jurisdiction to consider Kenney's petition for postconviction relief.

{¶ 17} Accordingly, Kenney's first assignment of error is not well-taken.

{¶ 18} Our disposition of Kenney's first assignment of error renders moot the arguments he presents in support of his second, third and fourth assignments of error, and we decline to address these arguments. *See* App.R. 12(A)(1)(c).

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Kenney is ordered to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Christine E. Mayle, J. | |
|---|---|
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.